SATA, d. b. a. FRIENDLY INN, Appellant, v. BOARD OF
LIQUOR CONTROL et, Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4332.   Decided March 7, 1950.

Gregory C. Karas, Dayton, Joseph J. Poorman, Columbus,
for appellant.

Hon. Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst.
Atty. Genl., Columbus, for appellees.

## OPINION

By MILLER, PJ.

This cause comes before this Court on an appeal from the
judgment of the Court of Common Pleas affirming a ruling
of the Board of Liquor Control suspending a D-5 liquor permit
of the appellant for a period of 45 days for the sale of intoxi-
cating liquor to a minor eighteen years of age.

The record discloses that on or about the 22nd day of Feb-
ruary, 1948, the appellant was engaged in the retail liquor
business; that one Dessie Dean Shoun, a minor of the age of
18 years, in company with three adult friends visited the
plaintiff's tavern on said date.  It was around midnight and
the place was crowded.  On one side of the room was a long
bar.   There was insufficient room for the entire party to
stand up to the bar, hence the minor in question stood imme-
diately to the rear of those in the party who were able to get
up to it.  After conversing for sometime the other female adult
member of the party purchased four drinks of whiskey and
handed one to her, which she consumed.  The appellant ad-

mits the sale of the liquor, but denies that the sale was made to the minor or having any knowledge that it was to be consumed by her. There is nothing in the record to indicate that the minor requested that the liquor be purchased for her. The question involved is whether under this state of facts the appellant is in violation of §6064-22 GC, which provides as follows:

"No beer shall be sold to any person, unless he shall have attained the age of eighteen years; and no intoxicating liquor shall be sold to or handled by any person, unless he shall have attained the age of twenty-one years."

The Common Pleas Court found that there was substantial evidence before the Board tending to show a violation and, since it was only a reviewing court, it could not weigh the evidence, citing **Farrand v. State Medical Board, 151 Oh St 222.** We think this is a correct interpretation of the law applicable and therefore the only question for our determination is whether there was sufficient evidence before the Board to sustain the finding.

In giving consideration to this question it becomes necessary to examine the definition of the word "sell" as defined by §6064-53 GC, which provides:

" 'Sale' and 'sell' include exchange, barter, gift, offer for sale, sale, distribution and delivery of any kind, and the transfer of title or possession of beer and intoxicating liquor either by constructive or actual delivery by any means or devices whatsoever."

Now the record discloses that neither the appellant nor any of his agents had knowledge that the intoxicating liquor was to be consumed by Dessie Dean Shoun, and such knowledge may not be reasonably inferred from all of the surrounding facts and circumstances there existing. In order that there be a sale violation under §6064-22(1) GC it is incumbent that the one charged have either actual or constructive knowledge that the liquor sold was to be transferred or given to the minor.

Finding no evidence to support this charge the judgment of the Common Pleas Court is ordered reversed as well as the ruling of the Liquor Board. The cause is ordered remanded with instructions that the charges be dismissed.

HORNBECK and WISEMAN, JJ, concur.