**KNOFF, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4669.   Decided October 16, 1951.

Simon L. Leis, Cincinnati, for appellant.

C. William O'Neill, Atty. Genl., Richard L. Canter, Asst. Atty. Genl., Columbus, for appellee.

HUNSICKER, PJ, DOYLE and STEVENS, JJ, of the Ninth District, sitting by designation.

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County, Ohio, affirming the order of the Board of Liquor Control of the State of Ohio, herein called Board, which order suspended for a period of 45 days the D-5 liquor permit of the plaintiff-appellant, Robert Knoff, herein called Knoff.

Knoff for his assignments of error says:

"1. That the judgment of the Board is arbitrary and unreasonable.

"2. That the Board committed an abuse of discretion in arriving at its judgment.

"3. That said judgment is based upon errors of law."

That portion of the order of the Board of Liquor Control which is pertinent herein is as follows:

"The Board finds from the evidence that on March 4, 1951, at 2:00 A. M. the said permit holder and/or his agents or employees sold and furnished, on the said permit premises, intoxicating liquor, to wit, a gin Tom Collins, to a person who on the said date was not twenty-one years of age, to wit, Mrs. Dorothy Fussnecker, aged twenty years; that on the said date and time the said permit holder and/or his agents or employees sold and furnished, on the said permit premises, malt beverages which contained more than 3.2 per cent alcohol by weight, to persons who on the said date were not twenty-one years of age, to wit, Hobart T. Handy, aged eighteen years, and Nobel Dean Handy, aged sixteen years; and that on the said date and time the said permit holder did not have a price list and glass size list posted in the said place of business; all in violation of provisions of the Ohio Liquor Control Act and regulations of the Ohio Board of Liquor Control.

"It is therefore ordered and adjudged that Permit D-5 35675 be and the same is suspended for a period of forty-five (45) days, beginning May 23, 1951 and ending at midnight, July 6, 1951."

The third finding of the Board that Knoff "did not have a price list and glass size list posted in the said place of business" is not supported by any evidence. No evidence on that subject was sought to be introduced at the time of the hearing before such Board. Such third finding is prejudicial to the substantial rights of the appellant Knoff.

The Board based its first and second findings on the provisions of 6064-22 GC, which section relates to the sale of alcoholic beverages to minors.

The evidence before the Board with respect to the finding that intoxicating liquor was "sold and furnished" to one Mrs. Dorothy Fussnecker, a minor, is first, a categorical denial by Mrs. Fussnecker (who was a witness called by the Board), that she bought, was furnished or drank such intoxicating liquor at the time in question. The evidence does disclose that: inspectors of the Department of Liquor Control saw, at a table where Mrs. Fussnecker was seated with several other persons,

some intoxicating liquor in glasses and at least one non-alcoholic beverage; immediately before Mrs. Fussnecker went to this table such inspector saw her seated at the bar in the act of drinking some beverage but not the beverage which was on the table at which she was seated with several friends. A careful reading of the testimony shows that there were more persons at the table where Mrs. Fussnecker was seated than there were glasses of liquid on such table. It would require mere guessing on the part of the inspectors to say that Mrs. Fussnecker was the one to whom such intoxicating liquor was "sold and furnished."

We therefore determine that as to the first finding of the Board there was no evidence to substantiate the claim that Mrs. Fussnecker, a minor, was "sold and furnished" intoxicating liquor by appellant Knoff.

The second finding of the Board upon which such Board based its order suspending the liquor permit of Knoff is that "malt beverages which contained more than 3.2 per cent of alcohol by weight" were "sold and furnished" to two minors named Hobart T. Handy and Novel Dean Handy. These minors were not called as witnesses and no testimony by either of them was introduced by way of deposition or affidavit. The testimony, concerning the finding with reference to the two boys, is that there were two other persons sitting at the table with them and that four bottles of the so-called "high powered" beer were on the table. There is no evidence to show that Knoff "sold and furnished" this beer to the boys although the inspector did say that he saw each of the Handy boys drink some of the beer. The inspector did not testify as to the manner in which the boys got the beer. It is a subject of speculation as to whether the other persons purchased the beer without the knowledge of Knoff or if the Handy boys themselves made the purchase.

The rule announced in the case of **Sata v. Board of Liquor Control, 88 Oh Ap 89,** Ohio Bar, February 26, 1951, wherein this Court said,

"In order to constitute a violation of the provision of §6064-22 GC, prohibiting the sale of intoxicating liquor to a minor, the seller must have had actual or constructive knowledge that the liquor sold was to be transferred or given to the minor,"

is applicable in the instant case.

We find no evidence to support the charge that Knoff "sold and furnished" the beer to these boys and such finding of the Board is prejudicial to the substantial rights of the appellant Knoff.

The judgment of the Court of Common Pleas is reversed as well as the ruling of the Board and the cause is ordered remanded with instructions that the charges upon which the findings were based be dismissed.

Judgment reversed.

DOYLE and STEVENS, JJ, concur.