## SONS BARS & GRILLS CO., In re.

Common Pleas Court, Franklin County.

No. 188719. Decided January 18, 1954.

C. William O'Neill, Atty. Genl., Louis E. Evans, Asst. Atty. Genl., Columbus, for Board of Liquor Control.
Isadore Topper, Columbus, for appellant.

## OPINION

By CLIFFORD, J.

This case is before this court on appeal from the decision of the Board of Liquor Control suspending appellant's D-5 class permit for a period of ten days, pursuant to §119.12 R. C., §154-73 GC.

The facts are not in controversy. They are stipulated by the parties. A waitress employed by the Melody Show Bar served and sold to Joyce Flack, aged eighteen years, one drink of Scotch whiskey, and also one bottle of 3.2 beer to Nina Briggs, aged nineteen years. The waitress requested the identification and age of Joyce Flack. At that time, Joyce Flack informed the waitress that she was twenty-three years of age, although she produced no identification. After this, she was served

a Scotch whiskey, for which she paid. Thereupon, investigators from the Department of Liquor Control approached the table where the two young ladies were seated, identified themselves, and requested Joyce Flack to state her age and identify herself. At that time, she said she was twenty-three years old. On further inquiry she stated she was eighteen. The investigators confiscated the drinks and notified the permit holder of the violation. It was stipulated that at the time the waitress made inquiry as to the age of Joyce Flack, and after she had stated her age to be twenty-three years, the waitress asked Joyce Flack whether or not she had any identification with her to support that statement, and she was informed she did not have.

The charge preferred against the permit holder is selling "in and upon the permit premises intoxicating liquor, to-wit, whiskey, to Joyce Flack, a minor being then and there 18 years of age in violation of the provisions of the Liquor Act and the regulations of the Board of Liquor Control." The infraction charged is a violation of §6064-22 GC.

The sole issue before this court is whether or not scienter or knowledge of the minority of Joyce Flack must be shown by the state. The public policy bears heavily upon this question. In 1854, in **Miller and Gibson v. State, 3 Oh St 475,** the Supreme Court said in construing **52 Ohio Laws, p. 153,** which law was in terms similar to §6064-22 GC of the Liquor Control Act under consideration in the case at bar, that in order to sustain a conviction under the section of the act prohibiting sale of liquor to a minor, it was necessary to aver and prove that the seller knew the buyer to be a minor. It is to be observed neither **52 Ohio Laws, p. 153** nor §6064-22 GC expressly or by clear implication makes ignorance of minority a defense.

The principle of law requiring scienter for conviction enunciated in the Miller and Gibson case was affirmed in the **Aultfather case (Aultfather v. State) 4 Oh St 467,** and in **Crabtree v. State, 30 Oh St 382.** In the Crabtree case which involved the sale of an alcoholic beverage to an intoxicated person, the court went so far as to require concurrence of three essential conditions: (1) the fact of selling intoxicating liquor to the prohibited person, (2) a criminal intent, and (3) guilty knowledge. In the class of cases represented by the Miller, Aultfather and Crabtree cases, it is clear that the public policy at that time required that the existence of guilty knowledge, or scienter must be shown by the state beyond a reasonable doubt in order to sustain a conviction.

But the case at bar does not require the proof of scienter beyond a reasonable doubt which was established in the above cases. Both social conditions and public policy have

changed since 1854. The protection of adolescent children demands that the seller determine at his peril the age ot a prospective purchaser. The means of such determination are within the power of the seller. Where the seller cannot determine age he must refuse the sale, or sell at the hazard of his license.

In **State v. Kominis, 73 Oh Ap 204,** 55 N. E. 2d 344, and **State v. Williams,** 94 **Oh Ap 249,** 115 N. E. 2d 36, we find the rules governing this case. The first syllabus of 94 **Oh Ap 249,** 115 N. E. 2d 36, 37, states:

"Where a statute defines an offense regardless of scienter, and the means of knowledge are available to the accused or the act is such as to impose a duty (in the interest of the public weal) upon the offender at his peril to ascertain the fact of violation, knowledge is not an essential element to support conviction; but under a charge of violating a statute which does not by its terms include scienter as an element of the offense, where the means of knowledge or the circumstances are such that the accused is not bound at his peril to know the fact and obey the law, proof of knowledge of the fact is essential to support a conviction."

In the case before the court the public weal is involved. The means of knowledge was available to the appellant. Appellant contended on the appeal that the Kominis and Williams cases were appeals court decisions and therefore could not be held to overrule the **Miller** and **Aultfather cases in 3 and 4 Oh St.** This court believes that public policy has changed since 1854, and that the Supreme Court, if given an opportunity, would overrule these cases. In 115 A. L. R. 1230, 1234, the cases appear in an annotation as a basis for placing Ohio in the Minority view. These cases are no longer the law in Ohio, despite the fact that they have not been expressly overruled.

The general rule cited at 115 A. L. R. 1230, which this court holds is the law in Ohio, is stated:

"In a prosecution for selling liquor to a minor under a statute which forbids or makes unlawful such a sale, but does not expressly or by clear implication make ignorance or minority a defense, the seller's ignorance that the buyer was a minor, or bona fide belief that he was of legal age, is not available as a defense."

In **Sata v. Board of Liquor Control, 88 Oh Ap 88, 89,** 94 N. E. 2d 464, was a case in which an adult purchased whiskey which a minor later consumed without the knowledge of the tavern owner. Knoff v. Board of Liquor Control, 105 N. E. 2d 673, affirmed the Sata case. Both the Sata and Knoff cases are distinguishable from the instant case on their facts.

That the waitress was employed by the permit holder is stipulated. The act of the agent is the act of the principal. **23 O. Jur. 161; Meyer v. State, 54 Oh St 242, 43 N. E. 164.**

The Court finds the order of the Board of Liquor Control to be supported by reliable, probative and substantial evidence and that the order is in accordance with law. The order is affirmed.