**HENDERSON, d. b. a. HENDERSON'S BAR, Appellant, v. RUTKOWSKI, Director, Department of Liquor Control et, Appellees.**

Common Pleas Court, Franklin County.

No. 188524.   Decided February 1, 1954.

Nolan, Boesch & Wolff, Charles H. Boesch, Dayton, for appellant.

C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellees.

## OPINION

By CLIFFORD, J.

This is an appeal from the decision of the Board of Liquor Control suspending for a period of thirty (30) days the Class C-2, D-1, D-2, and D-3 permits of the appellant. The charge is selling malt beverages in excess of 3.2% alcohol by weight to a minor under the age of twenty-one years in violation of §4301.22 R. C. (§6064-22 GC) and the Regulations of the Board of Liquor Control.

Four police officers of the Dayton Police Department entered the business premises of the appellant, and after being seated in a booth, two of the officers observed a sale and consumption of beer to Charles M Buckley, a minor. This action is a result of that observation.

The fundamental point upon which this action turns is the age of Charles M. Buckley. Although the issue of identity beclouds the record, a critical reading of the testimony conclusively establishes that the Charles M. Buckley named in the department's charge is the minor involved in the transaction at issue.

Another perennial issue arising in these cases, whether the alcoholic content of the beverage was above the legal limit, is disposed of by the waitress at page twenty-two of the record. She testified she had served the boy six per cent beer.

The contention of counsel that there was no knowledge on the part of the permit holder or his employees that the boy was not yet twenty-one years of age is without merit. This branch of the court has passed upon this question in   Clarence G. Hach, d. b. a. Anchor Bar v. The Board of Liquor Control et al., No. 188708 and **In the Matter of Sons Bars and Grills Company, d. b. a. Melody Show Bar, No. 188719, 53 O. O.**

320, 69 Abs 582. This branch of the court is mindful of the decisions of another branch of this court to the contrary, but to the court sitting in the case at bar the law in Ohio on the issue of knowledge, or scienter as it is sometimes called, is that enunciated at 115 ALR 1230. The court has more fully examined the issue of knowledge in the two cases above cited.

The counsel for appellant also maintains that the age of the minor in question has not been shown. It is true that from a reading of the whole record the exact age of the boy has not been established. Even the father of the boy involved testified that the boy was twenty-one years old on July 6, 1953, and later testified that he was twenty years of age on the same date. The date the beer was sold to the boy was June 19, 1953. But this inconsistency in the father's testimony is not sufficient for reversal of the board's order. The testimony of the father was consistent on the material issue of underage, and it satisfies §4301.22 R. C. (§6064-22 GC), which provides in part that "no intoxicating liquor shall be sold to or handled by any person unless he shall have attained the age of twenty-one years." Since neither party to this action saw fit to introduce a birth certificate, nor give any reason for the failure to bring in such a certificate, credence is given the board when it based its order on the testimony of the father. The testimony of the boy's father, if taken alone, is sufficient to sustain a finding of the boy's under age. The testimony of appellant, the bartender and the waitress is not convincing.

This court cannot weigh the evidence. **Sata, appellant v. Board of Liquor Control et al., 88 Oh Ap 88, 43 OO 377,** citing **Farrand v. State Medical Board, 151 Oh St 222, 39 O. O. 41, 85 N. E. 2d 113.** The court finds the order of the Board of Liquor Control to be supported by reliable, probative and substantial evidence and that the order of the board is in accordance with law. The order is affirmed.