SMITH, D. B. A. TERMINAL HOTEL, APPELLANT, *v.*
BOARD OF LIQUOR CONTROL ET AL., APPELLEES.

(No. 4987—Decided February 8, 1954.)

Mr. *Simon L. Leis*, for appellant.
Mr. *C. William O'Neill*, attorney general, Mr. *Kiehner Johnson* and Mr. *Ralph N. Mahaffey*, for appellees.

MILLER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court, affirming an order of the Board of Liquor Control, which revoked the D-1 and D-3 liquor permits of Ernest P. Smith, the appellant herein. The revocation was based upon a finding by the board that the permit holder or his employee knowingly and willfully allowed improper conduct and immoral activities on the permit premises.

The record reveals that the appellant is the operator of a three-story hotel, consisting of eight rooms, known as the Terminal Hotel and that it is located near the Union Terminal in Cincinnati, Ohio. In addition to the guest rooms located on the second and third floors of the premises, there is a bar, kitchen and lunchroom on the first floor. On or about 9:30 p. m. on August 2, 1952, police officers of the city of Cincinnati visited the premises and found three of the rooms oc-

cupied by unmarried couples who were engaging in immoral acts. Appellant does not question such activities of the hotel guests, but urges that the record does not support the conclusion that the appellant had any knowledge that such guests, when registering at the hotel, intended to indulge in any improper conduct. Knowledge, either actual or constructive, is one of the essential elements which must be proven in order to sustain the charge. *Sata* v. *Board of Liquor Control,* 88 Ohio App., 88, 94 N. E. (2d), 464. There is nothing in the record to indicate that the appellant or any of his agents had actual knowledge of such intended misconduct. The only remaining question, therefore, is whether knowledge of said activities by the hotel guests may be inferred from all the surrounding facts and circumstances. It is our conclusion that the record does not disclose any facts which could form the basis for such an inference. It reveals that all the parties were properly registered as man and wife, and that none of them was known to the agent in charge of the premises, excepting one of the men whom the agent had seen before, but lacked any further information concerning him save that he tended bar somewhere. There was some evidence to the effect that the hotel register, which was not offered in evidence, showed in several places that some of the rooms had been checked into as many as two or three times in one day, but it does not disclose the number of persons who used the rooms, and clearly the acts charged could not have been committed by single occupants. It appears that many of the patrons of the hotel are waiters, dining room porters and railroad workers who check into the hotel sometimes for a few hours to clean up and rest between train times, and that even some of the travelers come into the hotel for just a few hours to have breakfast or lunch and rest. The permit prem-

ises are in close proximity to the railroad station and constitute a convenient place as a stopover for the railroad workers and passengers.

· The appellee cites the case of *Wittenberg* v. *Board of Liquor Control,* 52 Ohio Law Abs., 65, 80 N. E. (2d), 711, a case decided by this court, but which we think is distinguishable on, the facts from the case at bar. An examination of the cited case discloses that from the facts the court found that the permit holder should have known that the premises were to be used for immoral purposes.

On page 73, Judge Hornbeck said:

"The facts appearing here, in our judgment, amply supported the conclusion that the licensee had reasonable cause to know that the place which he was operating was to be and was used for lewdness and the licensed premises was a disorderly place which should have been known by the appellant, even though the specific purposes and acts admitted by the occupants of the rooms may not have been shown to have been directly brought to his attention."

In our case, we think the evidence is insufficient to warrant the conclusion that the permit holder had constructive knowledge of any misconduct to be performed upon the premises.

The order is, therefore, not supported by the degree of proof required by Section 154-73, General Code. The judgment is reversed and the cause is remanded.

*Judgment reversed.*

WISEMAN, P. J., and HORNBECK, J., concur.