**FULL MOON SALOON, INC.,**
**Plaintiff–Appellee,**

v.

**CITY OF LOVELAND, acting through its Local Liquor Licensing Authority,**
**Defendant–Appellant.**

No. 03CA2181.

Colorado Court of Appeals,
Div. V.

March 24, 2005.

Law Offices of John O. Walker, P.C., John O. Walker, Fort Collins, Colorado, for Plaintiff–Appellee.

Nathan, Bremer, Dumm & Myers, P.C., J. Andrew Nathan, Andrew J. Fisher, Denver, Colorado, for Defendant–Appellant.

NIETO, J.

The City of Loveland appeals the judgment reversing the City's suspension of Full Moon Saloon, Inc.'s liquor license. We reverse and remand for reinstatement of the suspension.

Full Moon operated a bar under the name Night Shotz. Pursuant. to § 12–47–601, C.R.S.2004, the City sought to revoke its liquor license, alleging that it had provided an alcohol beverage to a seventeen-year-old girl in violation of § 12–47–901(1)(a), C.R.S. 2004.

At the hearing before the City's Liquor Licensing Authority (the Authority), a police officer testified to the following facts. He stopped a vehicle for a traffic violation and found it occupied by two adult men and a seventeen-year-old girl. The girl, who had a strong odor of an alcohol beverage on her breath and who did not appear to· be twenty-one years of age, told him they had just come from the Night Shotz bar where she had consumed four shots of an alcohol beverage. The girl told the officer that she had gone to the bar with the two adults, and they remained there for approximately two hours. None of the bar employees asked her for identification to verify her age. She said one of the men ordered two shots for her, and she took two additional shots from the table where the party was seated. One of the men verified that he had purchased two shots for the girl.

The Authority found the officer to be credible, and it relied on the statements of the girl and the men as related by the officer. Contrary evidence was presented at the hearing, but the Authority did not find those witnesses credible.

The Authority found the girl had consumed alcohol beverages at the bar, but because Full Moon did not knowingly provide the drinks to her, it did not suspend Full Moon's license. After the City filed a motion for reconsideration, the Authority reconsidered its ruling and suspended Full Moon's license. The Authority found that it had mistakenly required a showing that Full Moon had actual knowledge that alcohol beverages were provided for the girl when the statute imposed strict liability. Conflating the concepts of "strict liability" and "knowing conduct," the Authority stated that "although the violation is a strict liability violation, there is a requirement that the licensee have imputed knowledge." The Authority went on to find that Full Moon's knowledge could be imputed from the evidence.

Full Moon appealed to the district court pursuant to C.R.C.P. 106(a)(4). The district court found the offense was not a strict liability offense and that at a minimum, constructive knowledge was required. The court concluded that the evidence did not support a finding of constructive knowledge and overturned the suspension.

I.

■ Initially, we address the Authority's holding that in this license suspension proceeding, § 12–47–901(1)(a) imposes strict liability on the licensee. We agree with the district court that a licensee is not held to a strict liability standard and that some level of knowledge by the licensee must be established by the evidence. However, this ruling by the Authority, although erroneous, was harmless because the Authority did not hold Full Moon to a strict liability standard. Instead, the Authority found that the evidence at the hearing was sufficient to give Full Moon's employee constructive knowledge of the violation, and this knowledge was imputed to Full Moon.

Section 12–47–601 allows a local licensing authority to suspend a liquor license for any violation of the Colorado Liquor Code, § 12–47–101, et seq., C.R.S.2004.

Section 12–47–901(1)(a) makes it unlawful "[t]o sell, serve, give away, dispose of, exchange, or deliver or permit the sale, serving, giving, or procuring of any alcohol beverage to or for any person under the age of twenty-one years."

Both parties rely on Kurt G. Stiegelmeier, *Suspension or Revocation of Liquor Licenses for Offensive Conduct,* 29 Colo. Law. 77, 78 (Sept.2000), and agree that constructive knowledge of a violation is sufficient to hold a licensee responsible for permitting the violation. We also agree for the following reasons.

The holder of a liquor license has an "affirmative responsibility" to conduct the business, and see that his or her employees conduct the business, in compliance with the law. *Clown's Den, Inc. v. Canjar,* 33 Colo. App. 212, 215, 518 P.2d 957, 959 (1973). "[T]he consumption of liquor is believed to present a threat to public health and welfare," and therefore, the sale and use of liquor are subject to substantial regulation. *Mr. Lucky's, Inc. v. Dolan,* 197 Colo. 195, 197, 591 P.2d 1021, 1023 (1979). This strong public interest requires that liquor licensing authorities have "maximum leeway in carrying out their policing function." *Costiphx Enterprises, Inc. v. City of Lakewood,* 728 P.2d 358, 361 (Colo.App.1986). If actual knowledge by the licensee or his or her employees were required, then responsibility could be avoided by ignoring activities occurring in the establishment; ignorance would be given a premium. This standard would make enforcement of the Liquor Code exceedingly difficult and would be contrary to the legislative intent expressed in § 12–47–102, C.R.S.2004 (act is for economic and social welfare and for protection of the public's health, peace, and morals).

As relevant here, licensees, their employees, and their agents violate § 12–47–901(1)(a) if they "permit the sale, serving, giving, or procuring of any alcohol beverage" to or for a person under the age of twenty-one years. The word "permit" connotes affirmative or knowing conduct. Thus, licensees and their employees and agents "permit" such conduct if they have actual knowledge of the violation or have constructive knowledge that it is occurring.

Constructive knowledge may be inferred if the conduct occurs openly, such that a reasonable person would observe it. If knowledge of the prohibited conduct could have been obtained through the exercise of reasonable care and diligence, constructive knowledge may be inferred. *See* Stiegelmeier, *supra* (citing cases from other jurisdictions).

Applying a constructive knowledge standard does not place an undue burden on the licensee because constructive knowledge requires only reasonable care and diligence and does not require extraordinary vigilance. Constructive knowledge means "[k]nowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person." *Black's Law Dictionary* 876 (7th ed.1999); *see also Morgan v. Bd. of Water Works,* 837 P.2d 300 (Colo.App.1992) (if in the exercise of ordinary diligence a party should have known a fact, it will be deemed to have knowledge).

Our conclusion that constructive knowledge of liquor code violations is sufficient to hold a licensee responsible for permitting the violation is consistent with cases from other jurisdictions. *See Spitz v. Mun. Court,* 127 Ariz. 405, 621 P.2d 911 (1980) (licensee is deemed to have constructive knowledge of the age of underage buyer if licensee provides alcohol to the minor and fails to follow certain procedures); *Laube v. Stroh,* 2 Cal. App.4th 364, 3 Cal.Rptr.2d 779 (1992) (to suspend liquor license, evidence must be presented that licensee had either actual or constructive knowledge of activity); *Pinacoteca Corp. v. Dep't of Bus. Regulation,* 580 So.2d 881 (Fla.Dist.Ct.App.1991) (where activity is persistent and recurring, licensee's knowledge of the activity may be inferred); *State v. Engberg,* 109 Idaho 530, 708 P.2d 935 (Ct.App.1985) (violation may be found if licensee had constructive knowledge of the prohibited activity); *Town & Country Lanes, Inc. v. Liquor Control Comm'n,* 179 Mich.

App. 649, 446 N.W.2d 335 (1989) (licensee violated liquor license rule by failing to exercise reasonable diligence to ascertain the age of underage customer); *Leake v. Sarafan,* 35 N.Y.2d 83, 358 N.Y.S.2d 749, 315 N.E.2d 796 (1974) (to sustain a violation, licensee must have knowledge of the activity or the opportunity through reasonable diligence to acquire knowledge of the alleged acts); *Smith v. Bd. of Liquor Control,* 96 Ohio App. 396, 121 N.E.2d 920 (1954) (licensee must have actual or constructive knowledge of prohibited activity) *Tex. Alcoholic Beverage Comm'n v. Sanchez,* 96 S.W.3d 483 (Tex.App.2002) (to suspend liquor license, evidence must be presented that licensee had either actual or constructive knowledge of activity); *Reeb, Inc. v. Wash. State Liquor Control Bd.,* 24 Wash. App. 349, 600 P.2d 578 (1979) (to "permit" a violation, licensee must have actual or constructive knowledge of the activity).

## II.

■ The City contends the district court erred in reversing the suspension because evidence at the hearing supported the Authority's finding that Full Moon had constructive knowledge of the underage girl's actions. We agree.

■ On appeal from a C.R.C.P. 106(a)(4) proceeding, appellate courts review the decision of the agency rather than the trial court's findings. On review, a court may reverse an administrative agency's decision if "there is no competent evidence to support its decision, that is, only if 'the ultimate decision of the administrative body is so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority.' " *Droste v. Bd. of County Comm'rs,* 85 P.3d 585, 590 (Colo.App. 2003) (quoting *City of Colorado Springs v. Bd. of County Comm'rs,* 895 P.2d 1105, 1109–10 (Colo.App.1994), and *Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304, 1309 (Colo. 1986)).

■ We will not upset the decision of the local licensing authority unless it is based upon evidence that could only lead reasonable persons to reach a conclusion contrary to that decision. "In review of liquor license suspension proceedings neither this court nor any other court may substitute its judgment for that of the local licensing authority when there is any evidence in the record that supports its conclusion." *DiManna v. Kalbin,* 646 P.2d 403, 404 (Colo.App.1982).

Here, there was ample evidence in the record to support a finding that Full Moon's employee had constructive knowledge that alcohol beverages were being served or given to a girl under twenty-one years of age. The evidence relied on by the Authority showed the following. The seventeen-year-old girl, who looked younger than twenty-one years old, came to the bar with two adult men. They sat at a table in the bar and remained for two hours. The adults ordered drinks for themselves and ordered two drinks for the girl, which she consumed. The waitress never asked her for identification. Immediately after leaving the bar, the girl spoke with an officer, who testified that during a short conversation with the girl, he detected a strong odor of alcohol on her breath.

This evidence was sufficient for the Authority to infer that the employee of the bar through the exercise of reasonable diligence could have determined that an underage person was consuming alcohol beverages, and therefore, the employee had constructive knowledge of the violation. Accordingly, we conclude that the district court erred in reversing the Authority's order of suspension.

The judgment is reversed, and the case is remanded to the district court with directions to reinstate the Authority's decision.

Judge VOGT and Judge HAWTHORNE concur.