Young *v.* Warren County Beer Board.

(*Nashville,* December Term, 1952.)

Opinion filed April 25, 1953.

B. B. Gullett, of Nashville, for appellant.

Frank Davenport and C. E. Haston, both of McMinnville, for appellees.

Mr. Chief Justice Neil delivered the opinion of the Court.

In 1950 Lytle Young made application to the Warren County Beer Board for a permit to sell beer "for consumption *off the premises*" at a location a short distance west of the corporate limits of the town of McMinnville, on Highway 70. The application was sworn to by Young. There was attached to the application a paper writing signed by several citizens who lived in the vicinity of the proposed place of business stating they had no objection to the granting of said permit. Immediately following the granting of the permit Mr. Young set about the construction of a building in which to conduct the business. Thereupon, and before the sale of any beer, a petition was filed with the Board seeking to have the permit revoked upon the ground the petitioners had not been given notice of the application by Young and that the paper writing was signed by only two property owners in the locality of Young's property. This was alleged to be sufficient reason for revoking of the permit.

At the hearing the Board entered an order directing that the petitioners pay to the permit holder the sum of $700 and if said sum of money was paid to Young the permit would be revoked, but if not so paid then the permit would be retained by Mr. Young.

Both parties filed petitions for certiorari in the Circuit Court and at the hearing the trial judge remanded the case to the Beer Board for a final and proper order.

Both parties appealed from the order of the Circuit Judge. The case came on for hearing in the Supreme Court in due course and on February 2, 1952, it was held (opinion by Mr. Justice Gailor) that the order of the trial court was not a final order and affirmed the action of the court in remanding the case to the Beer Board. *Bragg* v. *Boyd (Young* v. *Boyd)*, 193 Tenn. 507, 246 S. W. (2d) 575. On April 21, 1952, the case was again heard by the Board, and by a vote of two to one the permit was revoked "for the reason that the proof shows that out of nine alleged property owners on Young's petition, only three are property owners *which constitutes a misrepresentation of facts as contained in Lytle Young's application,* and further because the granting of beer permits outside of the city limits is detrimental to the peace, health and general welfare of the community." (Emphasis supplied).

Thereupon a petition for certiorari was filed by Young in the Circuit Court resulting in an affirmance of the Board's action. An appeal was prayed and granted to this Court and errors assigned, all of which raise the question of the right of the Board to revoke a permit except upon statutory grounds. Code Section 1191.14.

 The right of a citizen to have a permit to sell beer is based solely and alone upon the statute. County Beer Boards have no legal authority to prescribe any further restrictions, limitations or conditions in the granting or revocation of permits. *Wright* v. *State,* 171 Tenn. 628, 106 S. W. (2d) 866; *Perry* v. *Sevier County Beer Commission,* 181 Tenn. 696, 184 S. W. (2d) 82. It is the undoubted right of such boards, or county licensing

authority, to refuse a permit even when an applicant has met the requirements of the law. *State ex rel. Camper* v. *Pollard,* 189 Tenn. 86, 222 S. W. (2d) 374. When, however, a permit is issued and accepted it cannot be revoked except in cases where the licensee has made false statements in his application for the permit, or has otherwise violated the law in its misuse.

There is no insistence in the case at bar that the permit holder, Lytle Young, made any false statement in his application to the Beer Board for a permit. The action of the Board in requesting that Young secure the approval of property owners nearest his place of business, while commendable, was not required by the law. It did not bind anybody.

Conceding that Lytle Young was morally obligated to furnish the Board with a written statement from citizens to the effect that they, as property owners, did not object to the issuance of the permit, the fact that some of them were not owners of property was not a fraud upon the Board as a matter of law. The contention that no notice was given to property owners of the application is wholly irrelevant since the law does not require that notice be given either by the applicant or the Beer Board. The paper writing, containing the signature of property owners in the vicinity, was not a part of the application.

The Board cannot lawfully exercise the right and authority to revoke a permit for the violation of a condition which is not found within the four corners of the statute. It cannot be doubted that the manufacture and sale of beer or other intoxicating liquors is subject to the control of the State, or by delegation of power to its political subdivisions, in the exercise of the police power. It results that a permit to sell beer may be revoked when the holder "has violated the law by its misuse", as well

as for false statements made in applying for it. We reaffirm the following well considered statement in *Henderson* v. *Grundy County Beer Commission*, 176 Tenn. 397, 402, 141 S. W. (2d) 901:

"It, therefore follows that the State may at any time revoke such licenses, or permits, whenever it deems it advisable for the public welfare, and the revocation of a license is not punishment, *but because by violation of the conditions under which the license was issued, the licensee shows that he is not a proper person to hold it,* and therefore such a revocation does not oust the jurisdiction of the courts to inflict fines or terms of imprisonment on the person to whom the license has been issued, *and who has violated the law by its misuse.* Joyce Intoxicating Liquors (1910), section 303." (Emphasis supplied).

The final judgment of the Board, which was affirmed by the trial court, is wholly void. The sole issue of fraud was not a valid ground for revoking the permit since it related entirely to a collateral matter, i. e. one that was personal between Lytle Young and the individual members of the Board and was without any legal significance.

The further finding of the Board that the permit was revoked "because the granting of permits outside of the city limits is detrimental to the peace, health and general welfare of the community", was not in response to any issue in the case. It represents only the majority opinion of the Board and is not supported by the testimony of any witness.

The assignments of error are sustained. The case is reversed and dismissed at the cost of appellees.