TED PRESSON v. BENTON COUNTY BEER BOARD.

(*Jackson*, April Term, 1955.)

Opinion filed June 10, 1955.

Rehearing denied August 2, 1955.

G. C. CRIDER, of Huntingdon, and C. N. FRAZIER, of Camden, for plaintiff.

A. BRADLEY FRAZIER, of Camden, for defendant.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The question here is whether there is any evidence to support the action of the Board in revoking the beer license of appellant. The Circuit Judge held, that while there was no preponderance of evidence, yet there was some evidence.

Presson was charged with having been operating his restaurant and beer place in a manner detrimental to public health, safety and morals in that specifically (1) he had engaged in the sale of beer after legal hours and (2) he had allowed persons to congregate in his place of business after legal hours.

There was no evidence whatever to sustain the charge of sale of beer after legal hours.

As to the second specification, while the statute does not specifically prohibit congregating after legal hours, it provides, Code Sec. 1191.14:

"Such revocation may be made for any violation of any provision of this act or whenever it shall satisfactorily appear that the premises * * * [are] being maintained and operated in such manner as to be detrimental to public health, safety, and morals."

Thus the Board is given very wide latitude and discretion as to what they may deem to be detrimental to the public welfare.

Now, the testimony of the Sheriff, while it does on the whole give this man a rather good reputation, is to the effect that on a particular night the place was open until after 12:15 a. m., and about a half dozen people, two of whom were women, were still inside when he departed. In addition to that, he testified that on other occasions he had taken drunks out and specifically one Sam Weath-

erly and a Mr. White when they were drunk. Also that he had seen drunks drinking in the place.

Hence, we must affirm the judgment below on the authority of *Putnam County Beer Board* v. *Speck,* 184 Tenn. 616, 201 S. W. (2d) 991.