Galvin Flowers

*v.*

The Benton County Beer Board.

(*Jackson*, April Term, 1957.)

Opinion filed May 3, 1957.

58

Peeler & Hollis, Camden, for appellant.

A. Bradley Frazier, Camden, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

Galvin Flowers was issued a permit to sell beer by the Benton County Beer Board, the same to be exercised at a particular place in the county. We infer that this permit was limited to a sale of beer in packages and not in bottles to be consumed on the premises.

The Board gave written notice to Flowers to appear

on a day certain to show cause, if any, why his permit should not be revoked. The notice reads as follows:

"To Any Lawful Officer of Said County:

"You are hereby commanded to serve the following notice on Galvin Flowers:

"Whereas, you Galvin Flowers, were on the 5th day of October 1953, issued a permit to engage in the retail sale of beer at a location in the 3rd. civil district of Benton County, Tennessee, on the Birdsong road, said permit being issued under and by virtue of the provisions of Chapter 69 of the Public Acts of 1933, as amended, and,

"Whereas, complaints have been made to the Beer Board of Benton County that you have been operating your business in such a manner as to be detrimental to the public health, safety and morals; further that you have been operating unlawfully and beyond the scope of your permit; and further that you were indicted and convicted upon a charge of driving an automobile while under the influence of an intoxicant in Humphreys County, Tennessee and were convicted for said offense in the Circuit Court of Humphreys County, Tennessee on the 15th day of August, 1956."

The defendant appeared pursuant to the above notice, and evidence was heard relating to the charges contained in said notice. At the conclusion of the hearing the Board revoked the permit upon the following grounds:

"1. Because the said Galvin Flowers was convicted in the Circuit Court of Humphreys County, Tennessee on August 15th, 1956, upon the charge of Driving an

Automobile while under the influence of an intoxicant, to which offense he submitted and pleaded guilty, and for which he was fined $50.00 and costs and given a jail sentence of 30 days which was suspended. It being the opinion of the Board that if the Statute does not specifically prohibit the sale of beer by persons who have been so convicted, such an offense does violate the spirit of the Statute; and further it is the opinion of this Board that it is detrimental to the public safety, health or morals, as contemplated by the Statute, for a person to be allowed to engage in the sale of beer, who has been convicted of the offense of Driving an Automobile while under the influence of an intoxicant.

"2. Because it has been shown by several witnesses that the said Flowers has consistently allowed minors to loiter about his place of business, and that he specifically allowed two minor boys, to wit: one Bradley Blackburn and Stanley Blackburn to hang around and loiter around and in his place of business. This was in direct violation of the 'third' portion of Section 57-221 of the Official Code of Tennessee, which portion of the Statute provides as follows:"

Within ten days following the revocation of the permit the licensee filed a petition addressed to the Circuit Court for the common-law writ of *certiorari* to review and set aside the aforesaid judgment of revocation. The petitioner charged that there was no evidence before the Board to show "any violation of the statute regarding the sale of beer, and no proof that the store or premises of the petitioner was operated in a manner that was detrimental to the public health, safety or morals."

In addition to the oral evidence heard by the Board the counsel for the Board introduced a certified copy of a judgment in the Circuit Court of Humphreys County that petitioner had plead guilty to an indictment charging him with driving an automobile while drunk, and sentenced to pay a fine of $50 and 30 days in jail, the imprisonment being suspended "during good behavior".

When the case came on to be heard in the Circuit Court the petitioner filed a motion to require the Board to file with the record a complete transcript of the evidence heard by it. This motion was overruled. Following due consideration of the certified record the trial judge held "that the evidence is sufficient to sustain the findings and holdings of the beer board and that the petition for *certiorari* should be overruled."

The case is now before us on appeal from this judgment.

The assignments of error are, as follows:

"1. The Circuit Court erred in not requiring the Beer Board to file a complete transcript of the proceedings before it as required by Section 57-209, T.C.A.

"2. The Circuit Court erred in disallowing Appellant's motion suggesting the diminution of the record in the hearing by the Beer Board.

"3. The Circuit Court erred in confirming the order of the Beer Board revoking the Appellant's license."

We find no merit in the first two assignments, because the additional testimony which was sought to have been included in the transcript would be cumulative on the issue of the way and manner in which petitioner con-

ducted his place of business, that is whether or not he had violated any law regarding the sale of beer, and was it detrimental to the public health, safety or morals.

Aside from the petitioner's alleged conviction of driving a car while under the influence of an intoxicant, as shown by the Circuit Court records in Humphreys County, there is no other evidence to support the judgment of the Beer Board in revoking his permit or the judgment of the Circuit Court affirming that judgment.

The petitioner's place of business is not a "beer parlor" where drinks are sold, or offered for sale, to be consumed on the premises. The permit is limited to package sales similar in all respects to permits issued to grocery stores, food stores and general merchandise stores in every county in the State. The petitioner's store is located in the 3rd Civil District of Benton County, Tennessee, on Birdsong Road, seven miles south of Camden.

It is true that minors frequented the store, as did most everybody in the neighborhood. They were there not to drink beer but for other lawful purposes. There is no evidence of any sales of beer in violation of law.

One witness, Everett S. Elmore, testified he visited the place often, traded there, and watched the television at times. He observed three boys, aged 15 and 16 years, "filling or arranging grocery shelves" and "carrying soft drink bottles out" etc., and had seen other "youngsters" around the place. But he had never seen any minor selling any beer. His wife testified: "that she had visited the place since it was first opened that she went there practically every day that she had never seen

anything wrong or out of the way at the place; that she did see the drunk at the place which her husband testified about, and she had seen children or minors hanging around in the place.''

Every other witness who testified before the Board stated that Mr. Flowers' business was a decent and orderly place of business. It is interesting to note the statement of Mr. Irvin Love ''that he played checkers at the place of business, visited there at night and watched Television'' and observed people of all ages there; that boys hung around the store to get candy and that they ''ate up more candy and drank more drinks than they were worth.''

There is proof that only one person was observed to be drunk during all the time the place had been operated by Mr. Flowers and he was spirited away immediately. It is not claimed that he bought any whiskey or beer from the owner of this store, or any of his employees.

The Sheriff exhibited the certified copy of the record of petitioner's conviction in Humphreys County. On cross-examination he stated ''that he had known of no other complaints against the defendant or the way he conducted his business.''

■■ We deem it unnecessary to cite authority to the effect that Quarterly Courts, Beer Boards and other agencies of the court have a very wide discretion in the matter of issuing permits to sell beer, and to revoke such permits. The statute (57-209, T.C.A.) provides for revocation of permits for any violation of the law relating to the sale of beer and intoxicating liquors; also permits may be revoked where a licensee or permit holder main-

tains and operates his place of business "in such manner as to be detrimental to public health, safety or morals." It cannot be doubted that many law-abiding citizens, as well as Beer Boards, feel that the sale of beer at any place is contrary to good morals and not in the public interest. But this Court has expressly held that a County Beer Board has no legal authority to prescribe any restrictions, limitations or conditions in granting or revocation of permits for sale of beer *other than those provided by statute. Young v. Warren County Beer Board,* 195 Tenn. 211, 258 S.W.2d 763.

■ The causes for the revocation of a permit to sell beer must relate to the manner in which he operates his business, that is, whether or not he is conducting it lawfully as prescribed by the statute. It may be revoked where the permit holder has been guilty of acts of gross immorality, and thereby "shows that he is not a proper person to hold it." *Henderson v. Grundy County Beer Committee,* 176 Tenn. 397, 141 S.W.2d 901, 903. In this case the holders had persistently violated the "bone dry law" and "had employed girls of immoral character to act as waitresses, who solicited patrons for immoral purposes."

■ A Board is justified in revoking a beer license on the ground that the holder had allowed persons to congregate in his place *after legal hours. Presson v. Benton County Beer Board,* 198 Tenn. 489, 281 S.W.2d 63.

■ The revocation of a license is not intended as a punishment of the holder but to insure as far as possible the decent and orderly conduct of his establishment.

There is no evidence in the record to show that Mr.

Flowers has violated any law in connection with the operation of his place of business in Benton County.

The County Beer Board was of opinion that Flowers' plea of guilty to driving an automobile while under the influence of an intoxicant in Humphreys County *violated the spirit of the law* and was sufficient to revoke his license. This was also the view of the learned trial judge. With all deference to the views thus entertained and expressed by the Board and the trial court, we must disagree.

There is no evidence that Flowers was ever under the influence of an intoxicant around his place of business, or elsewhere other than on the occasion mentioned. The Board is confined to causes for revocation as set forth in the statute, and other causes not specifically mentioned which would reasonably be characterized as contrary to good morals, peace and orderly conduct in connection with the permit holder's business. A single act in violation of law by a permit holder in a county other than that of his residence, or place of business, and not involving moral turpitude, is not sufficient to justify the revocation of his license on the ground that the act violates "the spirit of the law."

Driving an automobile while under the influence of whiskey, or other intoxicant, is denounced by the statute. But it is not an act involving moral turpitude. *Traders & General Ins. Co. v. Russell,* Tex.Civ. App., 99 S.W.2d 1079; *Groves v. State,* 175 Ga. 37, 164 S.E. 822. See also

Volume 27, Words and Phrases, Moral Turpitude, pp 553, 559.

The third assignment of error is sustained. The case is reversed at the cost of the appellee. The order revoking the appellant's permit is set aside and for nothing held.