336 P.2d 318

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Donald G. PARKER, Defendant-Appellant.**

**No. 8651.**

Supreme Court of Idaho.

March 6, 1959.

Frank L. Benson, Atty. Gen., Robert D. Wennergren, William E. Swope and Thomas Y. Gwilliam, Asst. Attys. Gen. (Graydon W. Smith, former Atty. Gen., Alfred C. Hagan and Edward J. Aschenbrener, former Asst. Attys. Gen., on the brief), for respondent.

Vernon K. Smith, Boise, for appellant.

**53**

TAYLOR, Justice.

Defendant (appellant) was charged by criminal complaint in justice court with unlawfully driving a motor vehicle "upon the highways of the State of Idaho, U. S. No. 20, while under the influence of intoxicating liquor." Trial in the justice court

resulted in conviction. Defendant appealed to the district court where upon trial de novo, defendant was again convicted. This appeal followed.

In the late afternoon of April 20, 1957, the defendant was driving his automobile west on Highway 20 toward Parma. One of two teenage girls, who were following in another car, testified at the trial that defendant was driving "all over the road," and that he barely missed some cars approaching from the opposite direction. About two miles east of Parma defendant's car went into the borrow pit. One of the girls stayed at the scene while the other drove into Parma and notified police of the accident. The Parma chief of police radioed the sheriff in Caldwell and then went out to the scene and waited there until a deputy arrived. The defendant was sprawled in the front seat with his feet under the wheel and his head toward, or against, the right door. After the deputy arrived defendant sat up behind the wheel of his car, started the motor and spun the rear wheels. The car did not move because the wheels were in mud and water. The deputy sheriff with the help of the chief of police removed defendant from his car. Both testified he was unable to walk without assistance and that he smelled of alcohol. Defendant was arrested by the deputy and placed in the deputy's car. Then the two officers searched defendant's car and found therein two

partially empty bottles of wine and a bottle of water.

As stated by appellant in his brief, this appeal presents three questions:

■ The first is, does the provision of the statute requiring the commissioner of law enforcement to revoke the license, or permit to drive, and any nonresident operating privilege, of any person convicted of driving while intoxicated, increase the penalty for such offense beyond the jurisdiction of the justice court? The answer to that question is, No.

The revocation of driver's license or driving privilege is not a part of the penalty provided for violation of the statute. The deprivation of the driving right or privilege is for the protection of the public, and is not done for the punishment of the individual convicted. Moreover, the revocation is not by the court in which the conviction occurs, but is by the commissioner of law enforcement, in pursuance of regulations and conditions imposed upon the exercise of the driving right or privilege, under the police power of the state. Thrasher v. State, Okl.Cr.App., 231 P.2d 409; Commonwealth v. Burnett, 274 Ky. 231, 118 S.W.2d 558; Commonwealth v. Harris, 278 Ky. 218, 128 S.W.2d 579; Davison v. State, Tex.Cr.App., 313 S.W.2d 883; Commonwealth v. Ellett, 174 Va. 403, 4 S.E.2d 762; Prichard v. Battle, 178 Va. 455, 17 S.E.2d 393; Butler v. Commonwealth, 189 Va. 411, 53 S.E.2d 152; Harrell v. Scheidt, 243 N.C. 735, 92 S.E.2d 182; Thompson v. Thompson, N.D., 78 N. W.2d 395.

■ The second issue presented concerns the validity of the complaint. The deputy sheriff went before the justice of the peace and related the facts; the justice prepared the complaint and handed it to the deputy; the deputy then signed it in the presence of the justice and handed it back to the justice, who then executed the jurat thereon. There was no formal administration of the oath. The deputy did not raise his hand, or take verbal oath to the truth of the statements made in the complaint. The complaint preliminarily recites that the deputy personally appeared and, "who, being duly sworn, complains and says:". The jurat recites "Subscribed and sworn to before me this 20th day of April, 1957." The deputy testified that after he had signed, the justice asked him "if that was the true facts as I knew it" and that in answering that it was, he felt in his conscience that he had taken on the obligation of an oath. This was a sufficient compliance with the statute, I.C. § 19–3901, which requires that:

"All proceedings and actions before probate and justices' courts for a public offense of which such courts have jurisdiction, must be commenced by complaint under oath, * * *."

With the exception of an oath or affirmation by a witness, our statute does not provide for a particular form of oath. I. C., Title 9, Chapter 14. In the case of a witness, the form provided does not require the placing of the hand on the Bible nor the raising of the hand, as is required by statute in some of the jurisdictions cited by appellant. Also, our statute permits the use of other peculiar forms of oath. I. C., §§ 9–1403, 9–1404. Our perjury statute defines "oath" as including an affirmation, "and every other mode authorized by law of attesting the truth of that which is stated." I.C. § 18–5402.

"It is no defense to a prosecution for perjury that the oath was administered or taken in an irregular manner." I.C. § 18–5404.

In State v. Anderson, 178 Kan. 322, 285 P.2d 1073, the Kansas court was dealing with an appeal from a conviction of perjury. There the appellant, a deputy sheriff, had signed a criminal complaint in much the same manner as was done in this case. The Kansas statute required the laying of the right hand upon the Bible, or uplifting it. The statutory form not having been followed, the appellant contended he was not under oath when he signed the complaint. In disposing of this contention the court said:

"* * * it is clear from the evidence that statutory requirements and formality were not had as they should have been. But it is common knowledge that such requirements are not always complied with strictly. The question is whether under the circumstances what was done was an utter nullity. Appellant told the county judge his version of why Gilbert Libby should be arrested and prosecuted and the judge thereupon prepared a complaint the first words of which were 'Duane Anderson being duly sworn, on oath says * * *'. After its completion the judge handed the complaint to Anderson, who read it, signed it, and handed it to the judge and saw him sign the jurat and affix his official seal. Surely some weight must be given to opening statements of the complaint and to the physical acts of the parties even though statutory formalities were not observed." 285 P. 2d 1077, 1078.

See also: People v. Teixeira, 59 Cal.App. 598, 211 P. 470; Cincinnati Finance Co. v. First Discount Corp., 59 Ohio App. 131, 17 N.E.2d 383; Dalbey Bros. Lumber Co. v. Crispin, 234 Iowa 151, 12 N.W.2d 277; 67 C.J.S. Oaths & Affirmations § 6, pp. 7, 8; 39 Am.Jur., Oath & Affirmation, § 13, p. 498; 70 C.J.S. Perjury § 24 a, p. 486; 41 Am.Jur., Perjury, § 15, pp. 10, 11.

The third contention made by defendant is that his arrest was unlawful

and, therefore, the search of his automobile without warrant was unlawful, and that the evidence consisting of the three bottles and their contents, being illegally seized, should have been suppressed. Defendant urges that the offense charged was not committed in the presence of the officer who made the arrest, and the arrest having been made without warrant was, therefore, unlawful. We cannot agree with this contention. I.C. § 49–1109, delimiting the authority for arrests for traffic violations, in pertinent part, provides:

"(a) The authority to make an arrest is the same as upon an arrest for a felony when any person is charged with any of the following offenses:

\*   \*   \*   \*   \*   \*

"2. Driving, or being in actual physical control, of a vehicle while under the influence of intoxicating liquor.

\*   \*   \*   \*   \*   \*."

The referred to general statute on arrests provides:

"A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

"1. For a public offense committed or attempted in his presence.

"2. When a person arrested has committed a felony, although not in his presence.

"3. When a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it.

"4. On a charge made, upon a reasonable cause, of the commission of a felony by the party arrested.

\*   \*   \*   \*   \*."

I.C. § 19–603.

Under these statutes the deputy sheriff had sufficient facts within his knowledge to make the arrest, assuming that no offense had been committed in his presence. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; People v. Duroncelay, 48 Cal.2d 766, 312 P.2d 690. However, in this case the offense charged was actually committed in the presence of the officer. The starting of the motor and spinning of the wheels in an effort to move the car out of the borrow pit was driving within the meaning of the statute. State v. Overbay, 201 Iowa 758, 206 N.W. 634; State v. Webb, 202 Iowa 633, 210 N.W. 751, 49 A.L.R. 1389, Annotation 1392; Hurte v. Lane, D.C.Fla., 166 F.Supp. 413.

The arrest being lawful, the search of defendant's car as an incident thereto, was lawful and the evidence disclosed by the search was properly admitted upon the trial. People v. Duroncelay, supra; State v. Myers, 36 Idaho 396, 211 P. 440; State v. Conner, 59 Idaho 695, 89 P.2d 197;

State v. Bock, 80 Idaho 296, 328 P.2d 1065; United States v. Rabinowitz, 339 U. S. 56, 70 S.Ct. 430, 94 L.Ed. 653.

Judgment affirmed.

PORTER, C. J., and SMITH, KNUD-SON and McQUADE, JJ., concur.