376 P.2d 710

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Leo A. MEYERS, dba Hiway In, Blanchard, County of Bonner, State of Idaho, Defendant-Appellant.**

**No. 9181.**

Supreme Court of Idaho.

Dec. 4, 1962.

Hardy C. Lyons, Sandpoint, for appellant.

Frank L. Benson, Atty. Gen., R. LaVar Marsh, Will S. Defenbach, Asst. Attys. Gen., Boise, for respondent.

KNUDSON, Justice.

During 1961 appellant was licensed to sell beer at retail in Bonner County under Idaho State beer license No. 575 and in 1962 under State license No. 987.

On January 8, 1962, the Commissioner of Law Enforcement of the State of Idaho made a determination to suspend appellant's license and caused to be served upon him a Notice of Intention to suspend appellant's retail beer license upon the stated ground that on November 24, 1961, appellant had sold, served or dispensed, or caused to be sold, served or dispensed, beer to a person or persons under the age of 20 years. (In violation of I.C. § 23–1013.)

Thereafter appellant commenced this proceeding to contest the Commissioner's determination and the effective date of suspension of license ordered by the Commissioner's determination was stayed by order of the district court. Hearing was had before the trial court and on April 5, 1962, findings of fact and judgment were entered whereby appellant's retail beer license was suspended for the period of six months. Among the court's findings is the following:

"The Court further finds that on or about the 24th day of November, 1961, an agent and employee of the licensee, Leo A. Meyers, while in the course of his employment as a bartender on the premises known as the Hiway In, licensed for the retail sale of beer, by the said Idaho State Retail Beer License No. 987, sold, served or dispensed beer to three minors under the age of twenty years."

From such finding of fact the court concluded that by reason of such violation of the provisions of I.C. § 23–1013, the intended action of the Commissioner was proper. Appellant appeals from the judgment sus-

pending his license and the only issue here involved is stated by appellant as follows:

"Does the sale of beer to a minor person by an employee of a person licensed to sell beer constitute a violation of law by such licensee and grounds for revocation or suspension of the beer license of such licensee?"

Appellant calls attention to the trial court's finding that an employee of appellant committed the act and violated the law which is the ground for suspending appellant's license. He then argues that appellant is not penally responsible for the act of his employee. In support of said contention he cites the case of People v. Frankfort, 114 Cal.App.2d 680, 251 P.2d 401 wherein it is stated:

"A principal, in order to be held criminally liable, must be shown to have knowingly and intentionally aided, advised, or encouraged the criminal act committed by the agent."

We are not in disagreement with such statement of law, however we do not agree that a proceeding to revoke a beer license such as is here in issue is a criminal proceeding. A statement as to the nature of the procedure generally pursued in revoking or suspending such license is set forth in 48 C.J.S. Intoxicating Liquors § 177, p. 288, as:

"Such a proceeding is essentially administrative, although judicial or quasi-judicial in nature. It is a civil proceeding, and not a criminal or penal proceeding or action, and, unless required by the statute, judicial process or sanction is not necessary."

The following are among many well reasoned cases wherein it is specifically held that a proceeding to revoke a liquor license is not a criminal proceeding, nor is such proceeding governed by rules of law applicable to criminal prosecutions. Kearns v. Aragon, 65 N.Mex. 119, 333 P.2d 607; Bradley v. Texas Liquor Control Board (Tex.) 108 S.W.2d 300; Chambers v. Herrick, 172 Kan. 510, 241 P.2d 748. In Cornell v. Reilly, 127 Cal.App.2d 178, 273 P.2d 572, the Court held that:

"The object of an administrative proceeding aimed at revoking a license is to protect the public, that is, to determine whether a licensee has exercised his privilege in derogation of the public interest, and to keep the regulated business clean and wholesome. Such proceedings are not conducted for the primary purpose of punishing an individual. * * * Hence, such proceedings are not criminal in nature."

The statutes of this state prescribe the proceeding that must be followed in a contest of the Commissioner's determination to suspend a license. (I.C. §§ 23–1038–39.) It is therein specifically provided that the hearing in contest of the Commissioner's determination "shall be by the court, *with-*

*out jury*," and "the commissioner, or his representative, shall have the burden of proceeding and of showing *by a preponderance of the evidence* that the charges as set forth in the notice of determination are true." (emphasis supplied). Whereas, in a criminal prosecution, the offense must be established "beyond a reasonable doubt." We therefore conclude that the proceeding here involved is an administrative, disciplinary proceeding, and is not criminal in its nature, nor is it to be judged by the legal standards applicable to criminal prosecutions.

■ It is acknowledged by appellant in his brief that the license to sell beer is a privilege, not a property right, which the legislature may grant or withhold at its pleasure and according to standards and requisites laid down by the legislature. Appellant also concedes that the legislature may provide that a license may be revoked, suspended or canceled, irrespective of the licensee's personal fault or knowledge of forbidden conduct. He argues that had the legislature intended that a retailer licensed to sell beer would be penally responsible for the acts of his employee, words such as "his agent or employee" would be contained in I.C. § 23–1037, which section provides:

> "In the event of a conviction of any brewer manufacturing beer in this state or of any wholesaler or retailer licensed under the provisions of this act, of any law of the state of Idaho, or of the United States, regulating, governing or prohibiting the sale, manufacture, transportation or possession of alcoholic beverages or intoxicating liquor, or if the commissioner shall determine that any such licensee has violated any of the provisions of this act or any regulation of the commissioner promulgated under the authority of this act, the commissioner may, in his discretion, and in addition to any other penalty imposed, determine to revoke the license of any such licensee, to suspend the same for a period not in excess of six months, or to refuse to grant a renewal of such license after the date of its expiration."

In his argument appellant incorrectly likens a proceeding to revoke or suspend a beer license unto a criminal proceeding. Conceding that a licensee cannot be fined or imprisoned for a violation committed by one of his agents or employees, unless the act or omission constituting such violation was done with his authorization, knowledge or approval, still it does not follow that for the purpose of suspension or cancellation of a license, a licensee should not be held responsible at all times for the acts of his employees in the conduct and operation of the business. The question in this case is not whether appellant is criminally responsible for his employee's act, but whether appellant's retail beer permit can be suspended by the Commissioner because of an employee's violation of I.C. § 23–1013.

We have hereinbefore stated that a proceeding to suspend or revoke a beer or liquor license is not a criminal proceeding. Nor is the suspension or revocation of such license any part of a penalty provided for the violation of any law or regulation governing the sale or handling of the subject licensed.

In Kearns v. Aragon, supra, the Court stated:

"Nor is the object of an administrative proceeding to revoke a liquor license intended as a punishment of the licensee. The purpose is to insure so far as possible the decent and orderly conduct of a business affecting the public health, morals, safety and welfare."

See also Flowers v. Benton County Beer Board, 202 Tenn. 56, 302 S.W.2d 335; Cornell v. Reilly, supra.

In State v. Parker, 81 Idaho 51, 336 P.2d 318, this Court had under consideration the question as to whether the action of the Commissioner of Law Enforcement in revoking a driver's license is done for the punishment of the individual involved. The Court said:

"The revocation of driver's license or driving privilege is not a part of the penalty provided for violation of the statute. The deprivation of the driving right or privilege is for the protection of the public, and is not done for the punishment of the individual convicted. Moreover, the revocation is not by the court in which the conviction occurs, but is by the commissioner of law enforcement, in pursuance of regulations and conditions imposed upon the exercise of the driving right or privilege, under the police power of the state."

Assuming appellant had used the correct nomenclature as regards the type of proceeding involved, still this would not change the Court's opinion that a beer licensee may be held responsible under I.C. § 23-1037, in a proceeding to suspend his license, for the acts of his agent or employees, within the scope of their employment. Public policy requires that he be responsible. In Chambers v. Herrick, supra, the Supreme Court of Kansas had under consideration facts involving the revocation of a liquor license and we feel that the reasoning applied in that case is applicable to the facts here involved. In that case the Court said:

"In our opinion there is no room for debate on the question of whether, *for the purpose of suspension or cancellation of licenses*, the holder of a retail liquor license should be held responsible for the acts and conduct of his employee in the operation of the business. Sound public policy requires that he is responsible. To hold otherwise would lead to a complete breakdown of the whole system and theory of supervision contemplated by the Act, and would per-

mit a licensee to escape liability for suspension or revocation of his license merely on the ground he had no knowledge of and had not authorized or approved a violation by the employee. In an effort to get at this very thing the legislature has seen fit to classify those persons to whom licenses may be granted and who may be employed by licensees. In the nature of things it must be held that the licensee is responsible at all times for the acts and conduct of his employee in the operation of the business."

When the licensee accepts the license, he impliedly agrees to obey and comply with the laws and reasonable regulations governing the privilege thereby granted. It becomes incumbent upon him to conduct the place of business so licensed in a lawful manner, whether it is operated by the licensee personally or through his agent or employee. By virtue of the ownership of the license, such owner has a responsibility to see to it the license is not used in violation of law. If the licensee elects to operate his business through employees, he must be responsible to the licensing authority for their conduct in the exercise of his license, otherwise we would have the absurd result that beer could be sold by employees in violation of every law and regulation applicable thereto and the licensee would be immune to disciplinary action by the licensing authority. Such result cannot have been con-

templated by the legislature. Judgment is affirmed.

SMITH, C. J., and TAYLOR, McQUADE and McFADDEN, JJ., concur.