377 P.2d 373

**BLUE NOTE, INC., dba Blue Note Lounge, an Idaho corporation, Plaintiff-Appellant,**

**v.**

**E. R. HOPPER, Commissioner, Idaho Department of Law Enforcement, Defendant-Respondent.**

No. 9149.

Supreme Court of Idaho.

Dec. 11, 1962.

Rehearing Denied Jan. 14, 1963.

Frank L. Benson, Atty. Gen., R. LaVar Marsh, Asst. Atty. Gen., Boise, for respondent.

Thomas A. Mitchell, Coeur d'Alene, for appellant.

**154**

McFADDEN, Justice.

Respondent, hereinafter referred to as the commissioner, made a "determination" suspending for 60 days the beer license issued by the State to appellant, for the unlawful sale of beer after hours, in violation of I.C. § 23–1012; notice of this determination was served on appellant as required. The commissioner's determination of such violation was based on a report by Mr. Bradshaw and Mr. McKenzie, employees and investigators of the department of the division of liquor law enforcement, to the effect that beer had been sold on appellant's premises between 1:00 o'clock A. M. and 7:00 o'clock A.M., August 27, 1961.

Pursuant to I.C. § 23–1037, appellant filed a petition in district court, contesting the commissioner's determination, and denying the claimed facts as to the sale of beer between the hours of one and seven o'clock A.M., on August 27, 1961, as set out in the commissioner's notice. The commissioner answered the petition, and the cause was tried before the court sitting without a jury. Findings of fact, conclusions of law and decree were entered in favor of the commissioner, sustaining his findings of unlawful sale of beer and determination to suspend the license, and this appeal was taken.

The appellant, by appropriate assignments of error challenges the judgment for the following reasons:

1. Failure of the evidence to support the finding that there was a violation of law by appellant.

2. That the statute under which the commissioner was acting (I.C. § 23–1037), is unconstitutional in depriving appellant of property without due process. (Constitution of the United States, 14th Amendment; Idaho Constitution Art. I, § 13); that the statute is unconstitutional in depriving licensee of a right to jury trial (Idaho Constitution, Art. I, § 7); that the statute is unconstitutional in that it violates the provisions of the Idaho constitution providing for prosecutions only by indictment or information (Idaho Constitution Art. I, § 8).

3. That the testimony of Mr. McKenzie and Mr. Bradshaw, two employees of the department of liquor law enforcement, was erroneously admitted at the trial, as it was based upon evidence gathered through entrapment.

1. *Sufficiency of the evidence.*

Appellant approaches this question from two directions: First he contends the find-

ings of a violation of the law prohibiting sale during hours interdicted by I.C. § 23–1012, is not sustained by the evidence; Secondly, assuming the facts show a sale of beer during such hours, the facts fail to show such sale as is made unlawful by I.C. § 23–1012.

The trial court found:

" * * * that on or about the 27th day of August, 1961, the Petitioner sold, served or dispensed, or caused to be sold, served or dispensed, beer, on its licenxed premises between the hours of 1:00 A.M., Pacific Standard Time, August 27, 1961, and 7:00 A.M., Pacific Standard Time, August 27, 1961."

The testimony of Mr. McKenzie was to the effect that in the company of Mr. Bradshaw he went to the appellant's place of business in Post Falls, Idaho, after 1:30 o'clock A.M., Pacific Daylight Saving time (which would have been 12:30 o'clock A.M. Pacific Standard Time.) They ordered food and were served at about 2:45 o'clock A.M., Pacific Daylight Savings Time, at which time they asked for a beer, and the waitress informed them they couldn't have beer on the premises but that "we could have beer to go". McKenzie ordered a "6 pack of Olympia beer and was served six bottles of the same. * * *" After they had finished their food at 3:00 o'clock A.M., Bradshaw also ordered six bottles of Lucky Lager beer which was also served to him.

The two officers each paid for the beer and left. McKenzie's testimony was corroborated by the testimony of Bradshaw. The actual time of sale·was put in direct conflict by the testimony of witnesses presented by appellant to the effect that no beer or liquor of any kind was sold after 1:00 o'clock A.M.

■ The record presented to this court is one of direct conflict on the question of sale of beer and as to the time of such sale. This issue was resolved against appellant by the trial court. When the facts and circumstances disclosed by the record are care-fully considered, there is competent and substantial, although conflicting evidence to support the findings of the trial court. Paf-file v. Sherman, 84 Idaho 63, 368 P.2d 434; Angleton v. Angleton, 84 Idaho 184, 370 P. 2d 788.

■ Secondly, appellant claims that the evil towards which I.C. § 23–1012 is directed is not simply the sale during the hours interdicted by that statute, but is the consumption of beer during such hours, assuming there is such an ambiguity in the statute that it should be so construed. This contention is unsound. By the express terms of the statute, it is unlawful "for any person in any place licensed * * * where beer is sold or dispensed to be consumed on the premises * * * *to sell or permit to be consumed* on the premises beer as the same is defined by law, between the hours of one o'clock A.M., and seven o'clock A.

M.", I.C. § 23–1012. The words employed * * * "to sell *or* permit to be consumed on the premises" are in the disjunctive, and make unlawful either of the acts. There is no need for construction of a statute when the language employed is unambiguous. State v. Riley, 83 Idaho 346, 362 P.2d 1075.

### 2. *Constitutionality of I.C. § 23–1037.*

■ Appellant asserts that I.C. § 23–1037 which authorizes the commissioner to make a determination that a licensee has violated any of the provisions of the beer act, and based on such violation to further determine to revoke the license or suspend it, is unconstitutional in allowing deprivation of property without due process of law and without affording a licensee an opportunity to be heard, citing U. S. Constitution 14th Amendment, and Idaho Const. Art. I, § 13. In State v. Finch, 79 Idaho 275, 315 P.2d 529, this court in dealing with a question of unconstitutionality of the Idaho Dredge Mining Protection Act, and particularly discussing the requirements of "due process of law", stated:

> "There can be the creation of a board by legislation with authority to issue licenses, the issuing of such licenses to come under the police power of the state, which is properly a legislative function to determine if a pursuit or occupation should be regulated, and if so, under what rules.

> "Pursuant to the issuing of a permit, the legislature may also vest in some executive board or agency the power to investigate and determine if the permittee is violating any rule or statutory provision pertaining to the regulation of such business or industry for which the permit was issued. (citations.)

> "It is also within the power of the legislature to authorize the board or agent to revoke a permit for violations of statutes or regulations. Electors of Big Butte Area v. State Board of Education, 78 Idaho 602, 308 P.2d 225, 229. However, these actions must be reviewable by courts of law, inasmuch as they affect property rights."

Under the provisions of I.C. § 23–1039, the licensee, if aggrieved by the commissioner's determination, is authorized to contest the determination in district court. This affords the right to judicial determination of the correctness of the commissioner's findings or determination and is commensurate with what we believe to be requirements for "due process of law." See: Foster v. Walus, 81 Idaho 452, 347 P.2d 120.

The quotations from State v. Finch, supra, must not be construed as holding or inferring that a license to sell beer is a "property right" such as was before the court in that case, dealing with a placer mining claim and water right.

.

Appellant asserts a deprivation of a licensee's inviolate right to trial by jury as provided by Idaho Constitution, Art. I, § 7. The administrative procedure whereby the commissioner makes a determination of whether there has been a violation of the provisions of the beer act or his regulations, and suspension or revocation of the license, is established by I.C. § 23–1037. The provisions of the constitution pertaining to the right to trial by jury are construed to apply as it existed at the date of the adoption of the constitution. Anderson v. Whipple, 71 Idaho 112, 227 P.2d 351; Christensen v. Hollingsworth, 6 Idaho 87, 53 P. 211; Johnson v. Niichels, 48 Idaho 654, 284 P. 840. The constitutional guaranty does not apply to special and summary proceedings created by statute subsequent to the adoption of the constitution, where they are not in the nature of actions at common law and are dissimilar to such actions. 42 Am.Jur. 486, Public Administrative Law § 142. See also: I Administrative Law Treatise p. 594, § 8.16. I.C. § 23–1037 provides an "administrative, disciplinary proceeding," (State v. Meyers, ante, p. ——, 376 P.2d 710), which is a special procedure not violative of the guaranty of Idaho Constitution Art. I, § 7.

Nor is the procedure established by I.C. § 23–1037 in violation of the provisions of Idaho Constitution, Art. I, § 8, which provides in part:

"No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a committment by a magistrate, * * *."

The proceedings provided by I.C. § 23–1037 are not criminal in nature, as contemplated by this constitutional provision. Such hearing before the commissioner is an administrative proceeding (State v. Meyers, supra), with the object or purpose being to insure compliance with the applicable statute. See: Cornell v. Reilly (Ct.App.Cal.) 273 P.2d 572; Kearns v. Aragon, 65 N.Mex. 119, 333 P.2d 607; State v. Parker, 81 Idaho 51, 336 P.2d 318.

*3. Entrapment.*

Appellant assigns as error the action of the court in admitting the testimony of the respondent's witnesses McKenzie and Bradshaw, claiming that the testimony was based upon evidence gathered through entrapment. An examination of the record fails to show any objection interposed by the appellant to the admission of the testimony of either of these witnesses relating to the purchase of the beer. Generally, in order to present to this court the question of the propriety of the admission of evidence an objection to such evidence during the course of the trial is essential. In other

**158**

words, objections to evidence cannot be raised for the first time on appeal. Neff v. Hysen, 72 Idaho 470, 244 P.2d 146; Goody v. Maryland Casualty Co., 53 Idaho 523, 25 P.2d 1045; Dunclick, Inc. v. Utah-Idaho Concrete Pipe Co., 77 Idaho 499, 295 P.2d 700; Fuchs v. Lloyd, 80 Idaho 114, 326 P.2d 381.

Judgment affirmed.

SMITH, C. J., TAYLOR and McQUADE, JJ., and TOWLES, D. J., concur.