708 P.2d 935

### STATE of Idaho, DEPARTMENT OF LAW ENFORCEMENT, Complainant-Respondent,

v.

### Ernest and Margaret ENGBERG, dba Vee Club, Respondents-Appellants.

### No. 15666.

Court of Appeals of Idaho.

Nov. 4, 1985.

John K. Gatchel, Payette, for respondents-appellants.

Jim Jones, Atty. Gen., Brian N. Donesley (argued), Boise, for complainant-respondent.

WALTERS, Chief Judge.

Ernest and Margaret Engberg appeal from the district court's order affirming a thirty-day suspension of their liquor and beer licenses by the Idaho Department of Law Enforcement. The licenses were suspended by a department hearing officer because the Engbergs' had allowed gambling in their Vee Club in violation of I.C. § 23–928. On appeal to this Court, the Engbergs continue to raise four issues. (1) Did the Department provide sufficient notice to the Engbergs of its intent to suspend their licenses? (2) Were the Engbergs' licenses properly admitted into evidence when the hearing officer took judicial notice of the licenses? (3) Was an electronic poker machine properly admitted into evidence even though there was a break in the state's chain of custody? (4) Did the hearing officer err by imputing liquor law violations of an employee to the licensees? We affirm the order of the district court upholding the thirty-day suspension.

The Department notified the Engbergs of its intent to suspend their licenses [1] for

---

1. The Engbergs had been issued two licenses for the sale of alcohol: one for the sale of beer (No. 1358) and one for the sale of liquor by the drink (No. 306).

sixty days because the Engbergs had permitted gambling in their licensed premises in violation of I.C. § 23–928. Section 23–928 states in pertinent part that it is "unlawful for any licensee to permit, conduct, play, carry on, open or cause to be opened any gaming [(gambling)] in or upon the licensed premises...." The Department's suspension notice also informed the Engbergs that they were entitled to have an administrative hearing prior to the suspension, and the Engbergs requested the hearing.

The Department of Law Enforcement presented the following evidence to the hearing officer. Two agents of the Department entered the Vee Club to investigate reports of gambling on the premises. While in the bar, the agents observed the bartender in a dice game and bar patrons playing an electronic poker machine. Those patrons playing on the machine received credits for winning. The agents observed the bartender paying cash for the winning credits. One of the investigators began playing the machine and received seven credits. He notified the bartender of his winnings. The bartender went behind the bar and gave the agent $1.75 out of a cigar box for his seven credits. The agent subsequently seized the cigar box and the electronic poker machine as evidence of gambling. The agents loaded the machine into the trunk of their state automobile, but the machine was too large for the trunk lid to fully close. The agents tied the trunk lid down and then proceeded to another bar. When the agents completed their investigation at the second bar, they discovered that the machine had been taken from their trunk. The machine was recovered several days later by the local police and was subsequently turned over to the Department of Law Enforcement.

At the hearing, the Engbergs objected to the poker machine being admitted into evidence. The Engbergs maintained that the machine could not be entered into evidence because of the gap in the state's chain of custody. At the close of the hearing, the Engbergs argued that the notice for the hearing was defective. In their brief submitted to the hearing officer prior to his written decision, the Engbergs also argued that the state had failed to prove they were actually licensed to sell beer and liquor. Finally, the Engbergs asserted that their license could not be suspended because the Department did not provide any evidence the licensees knew that the gambling was occurring.

The hearing officer determined that the Engbergs had received adequate notice of the suspension hearing and that they had not been prejudiced by any purported defect in the notice. He noted that the Engbergs had retained counsel who was present at the hearing, that the challenge to the notice of hearing was made only after conducting the hearing, and that counsel had fully participated in the hearing. The hearing officer took judicial notice that the Department had issued beer and liquor licenses to the Engbergs at the Vee Club. The hearing officer admitted the electronic poker machine into evidence based on the identification of the machine by the state's witnesses and the failure of the Engbergs to refute the witnesses' identification. Despite the lack of any evidence that the Engbergs had personal knowledge of the gambling, the hearing officer ruled that the law of agency in this non-criminal case permitted the Engbergs to be held responsible for the acts of their bartender. The hearing officer concluded that the Engbergs had violated the provisions of I.C. § 23–928 and on the basis of such violation, entered a thirty-day suspension order. The Engbergs appealed to the district court which affirmed the license suspension. On appeal to this Court, the Engbergs again question the adequacy of the notice, the propriety of taking judicial notice of the beer and liquor licenses, the admissibility of the gambling machine, and whether the acts of the bartender may be imputed to the licensees. We will address these issues in order.

The Engbergs first assert that the notice of the suspension hearing was defective because it indicated the hearing was to

be held pursuant to the provisions of Idaho Code Title 23, Chapter 10. The Engbergs contend they were unprepared for the suspension hearing because chapter 10 does not provide for suspension of a liquor license. One of the purposes of adequate notice is to inform the affected individuals of the issues to be presented at the hearing so they can reasonably prepare their case. *State v. Gibbs*, 94 Idaho 908, 500 P.2d 209 (1972). Idaho's Administrative Procedure Act details the requirements for reasonable notice. Notice shall include:

> (1) a statement of the time, place, and nature of the hearing; (2) a statement of the legal authority and jurisdiction under which the hearing is to be held; (3) a reference to the particular sections of the statutes and rules involved; (4) a short and plain statement of the matters asserted.

I.C. § 67–5209(b). Reasonable notice must be sufficiently explicit to "advise a person charged of the particular kind of misconduct which it is proposed to prove against him. The test is whether the individual knew what conduct was in issue and had a fair opportunity to present his defense." B. SCHWARTZ, ADMINISTRATIVE LAW § 6.5 (2d ed. 1984) (footnotes omitted).

The Engbergs' first argument is without merit. The Department's notice recited the observations of one of its agents as to the gambling that had taken place in the bar. The petition attached to the notice stated that such gambling activity "is contrary to and in violation of § 23–928, Idaho Code, and grounds for suspension of [the licenses] issued to Ernest and Margaret Engberg, dba, Vee Club, City of Payette, County of Payette, State of Idaho pursuant to Idaho Code § 23–1037." Section 23–1037 provides for the revocation or suspension of a license upon the violation of any statute concerning the distribution or sale of beer. The notice proposed to suspend the license for sixty days for violation of the gambling provision. The Department's notice of hearing did reasonably inform the Engbergs of the issues and consequences confronting them at the hearing. The Engbergs lodged no objection prior to the hear-

ing and failed to show any prejudice to a substantial right from the Department's notice.

■ The Engbergs next contend that the examiner erred by taking judicial notice of their licenses. The Administrative Procedure Act permits a hearing officer to take notice of judicially cognizable facts. I.C. § 67–5210(4). The Idaho Rules of Evidence define a judicially noticed fact as one which is not subject to reasonable dispute in that it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." I.R.E. 201. As the hearing officer and the district court noted, the Idaho Department of Law Enforcement is the agency which issued license numbers 1358 and 306 to the Engbergs under the business name of Vee Club. More importantly, the record in this case contained a copy of the Engbergs' licenses which were filed in this matter. The Department's suspension notice indicates in three separate places that the Engbergs were the holders of license numbers 1358 and 306. Finally, the Engbergs presented no evidence to dispute that they were the holders of the two licenses. If they were not the owners of the licenses, we question whether they would even have standing to object to the suspension.

■ The Engbergs next assert that the examiner erred in admitting the poker machine into evidence. They maintained there was no evidence to indicate that the machine was in fact the one taken from the Vee Club. They insist it is not the same machine because the one obtained from the police contained no coins. However, a break in the chain of custody alone is not sufficient to render evidence inadmissible. The requirement of demonstrating a positive chain of custody is a function of the authentication or identification of evidence. I.R.E. 901. The standard for the admissibility of evidence is whether the hearing officer can determine, in all reasonable probability, that the proffered evidence has not been changed in any material manner. *See State v. Campbell*, 104 Idaho 705, 662

P.2d 1149 (Ct.App.1983). "If the chain of custody has been broken, however, the party can still rely upon other evidence to show a lack of material alteration." *Id.*, 104 Idaho at 715, 662 P.2d at 1159, *quoting State v. Crook,* 98 Idaho 383, 384, 565 P.2d 576, 577 (1977).

Both agents involved in the seizure of the poker machine testified that the machine was the one taken from the Vee Club. They both observed a Department of Law Enforcement evidence sticker on the bottom of the machine as they placed the machine in their automobile trunk. The sticker had previously been placed on the machine by an agent of the Department. One agent also testified that he had placed his initials on the top of the machine and he recognized a scratch on the machine that had been made as they loaded it into the trunk. The Engbergs offered no rebuttal testimony other than eliciting the fact that the machine's coin box had been removed after the machine was taken from the trunk and before it had been recovered by the police. We hold that the machine was sufficiently identified for the hearing officer to admit it into evidence. The Engbergs have not indicated any substantial right that has been infringed, and we therefore conclude the machine was properly admitted into evidence. I.C. § 67–5210(1); I.R.E. 103.

■ Finally, the Engbergs contend there is no basis in fact or in law to support the finding they knew gambling was occurring at the Vee Club. The Engbergs maintain that the record does not demonstrate that they had any actual knowledge of the gambling. They rely on the New York case of *Martin v. State Liquor Authority* which held that before a license can be suspended for gambling on the premises, the administrative agency must show that the licensee knew of the gambling. 41 N.Y.2d 78, 390 N.Y.S.2d 880, 359 N.E.2d 389 (N.Y.1976). The *Martin* opinion indicates that knowledge can be proven in one of three ways: (1) actual knowledge, (2) constructive knowledge where the licensee would have learned of the gambling through the exercise of reasonable diligence, or (3) where the employee was given unequivocal supervisory responsibility and had actual knowledge of the gambling. The *Martin* court held that the bartender in that case had not been given unequivocal supervisory responsibility, and thus could "not be deemed an agent whose knowledge could be imputed to the licensee." *Id.* 390 N.Y.S.2d at 881, 359 N.E.2d at 390. In reaching the opposite conclusion, the district court here relied on *State v. Meyers,* 85 Idaho 129, 376 P.2d 710 (1962). In *Meyers* our Supreme Court held that licensees who elect to operate their liquor business through employees may be held responsible for the conduct of those employees. Meyers' license was suspended because his bartender sold beer to minors.

The Engbergs' reliance on *Martin* is misplaced. As the district court and hearing officer noted, an administrative hearing is a civil procedure and not a criminal procedure. Although presumptions are normally prohibited in criminal proceedings, presumptions are allowed in civil proceedings. In addition to the precedent of *State v. Meyers,* we find such a presumption controlling in this case. Idaho Code § 23–935 provides: "A violation of any of the provisions of this act by any agent, employee, servant, or other person in any way acting in behalf of the licensee *shall be presumed to be a violation by the licensee.*" (Emphasis added). *See Chambers v. Herrick,* 172 Kan. 510, 241 P.2d 748 (1952) (upholding revocation of a liquor license where an agency rule provided that licensee was responsible for acts of employees). The department record contains substantial and competent evidence that the bartender was engaged in gambling activity. "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." I.C. § 67–5215(g); *Intermountain Health Care, Inc. v. Board of County Commissioners of Blaine County,* 107 Idaho 248, 688 P.2d 260 (Ct.App.1984).

The decision of the district court, upholding the thirty-day suspension of the Eng-

bergs' licenses, is affirmed. Costs to the Idaho Department of Law Enforcement.

SWANSTROM and BURNETT, JJ., concur.