THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ROBERT. H. STIEVATER, RALPH ANDERSON, JR., HERMAN LLOYD, ARTHUR. JONES and SETH MORRIS, Respondents.

Fourth Department, May 24, 1973.

*Michael F. Dillon, District Attorney (Peter J. Notaro* of counsel), for appellant.

*Cunningham, Cole, Sorrentino & Cavanaugh (William J. Cunningham* of counsel), for Robert H. Stievater, respondent.

*Vinson, Elkins, Searls, Connally & Smith* and *Brown, Kelly, Turner, Hassett & Leach (John C. Snodgrass* of counsel), for Ralph Anderson, Jr., and others, respondents.

HENRY, J. The People appeal from an order of Erie County Court which dismissed an indictment against defendants charging them with conspiracy to bribe and bribery of members of the Erie County Legislature.

County Court held (71 Misc 2d 29) that the immunity granted to defendants by the United States District Court, pursuant to section 2514 of title 18 of the United States Code, immunized them from prosecution under the indictment of the Erie County Grand Jury which charged them with the commission of acts related to the same transaction concerning which they testified in obedience to the order granting them immunity. Section 2514 provides that no witness who has been ordered to testify after having claimed his privilege against self incrimination in any case or proceeding before any grand jury or court of the United States shall be prosecuted in any court for or on account of any transaction concerning which he is compelled to testify.

The five defendants were members of architectural firms employed by Erie County in connection with its proposed domed stadium. Prior to the indictment herein simultaneous and independent investigations were made by Federal and State Grand Juries and defendants were subpoenaed to appear before both bodies. Each indicated his intention to refuse to testify on Fifth Amendment grounds. The State excused them as witnesses, but the Federal authorities chose to compel their testimony pursuant to the provisions of section 2514. Defendants Stievater and Anderson were ordered by the United States District Court to testify before the Federal Grand Jury and having done so each of them was immunized from any prosecution based upon or related to the testimony given by them. Defendants Lloyd, Jones and Morris were ordered to testify at the trial set for June 7, 1971. They testified before the Federal Grand Jury on May 26, 1971 but did not testify at the trial.

We find no merit in appellant's argument that section 2514 is unconstitutional in its frustration of State prosecutions because the testimony could have been compelled by conferring a " use and derivative use " immunity on the unwilling witnesses pursuant to sections 6002 and 6003 of title 18 of the United States Code. While under section 2514 immunity is granted from State and Federal prosecution for the transaction testified to, sections 6002 and 6003 grant immunity merely from the use of the compelled testimony and evidence derived therefrom in any subsequent State or Federal prosecution. In *Kastigar* v. *United States* (406 U.S. 441), cited by appellant, the court in holding that testimony may be compelled over a witness' claim of his

Fifth Amendment privilege against self incrimination by granting use and derivative use immunity to him pursuant to sections 6002 and 6003, said "They ask us to reconsider and overrule *Brown v. Walker,* 161 U.S. 591 and *Ullmann v. United States,* 350 U.S. 422, decisions which uphold the constitutionality of immunity statutes. We find no merit to this contention and reaffirm the decisions in *Brown* and *Ullmann.*" The Immunity Act of 1954 which was upheld in *Ullmann* (U. S. Code, tit. 18, § 3486) grants transactional immunity in language identical with that of section 2514 in the case at bar. The Supreme Court held in *Brown* that Congress has the right to grant amnesty (which is virtually the same as transactional immunity) for "'every offence known to the law, and [it] may be exercised at any time after its commission, either before legal proceedings are taken, or during their pendency, or after conviction and judgment'" (161 U. S., at p. 601). Since there is a showing here that the grant of immunity under section 2514 is necessary and proper, it does not unconstitutionally infringe upon the police powers granted to the States in the Tenth Amendment.

The grant of immunity pursuant to the provisions of section 2514 is by a court order based upon an application of the United States Attorney approved by the Attorney General. Defendants Stievater and Anderson were ordered to and did testify before the Federal Grand Jury after having claimed their privilege against self incrimination. The provision of the court order as to each of them that he "shall be immunized from any prosecution based upon or related to the testimony he gives or the evidence he produces in obedience to this order", effectively bars his prosecution under the indictment herein. The order dismissing the indictment as to them should be affirmed.

Defendants Lloyd, Jones and Morris were each ordered to "appear before the Court at the trial set for June 7, 1971, and * * * testify". The respective orders immunized each of them from prosecution based upon or related "to the testimony he gives * * * in obedience to this order". These defendants were not called as witnesses and gave no testimony at the trial pursuant to the respective orders but did testify before the Federal Grand Jury on May 26, 1971. The immunity granted as to any testimony to be given at the trial cannot without further order be extended or applied to testimony given before the Grand Jury. The immunity is not conferred by the court order alone but by *testifying* at the time and place directed by the order. The order insofar as it dismissed the indictment as to defendants Lloyd, Jones and Morris should, therefore, be

reversed, their motion to dismiss should be denied, and the indictment as to them reinstated.

GOLDMAN, P. J., WITMER, MOULE and SIMONS, JJ., concur.

Order unanimously modified on the law in accordance with opinion by HENRY, J., and as so modified affirmed.