■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE J. GRIER, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered June 8, 1970, upon a verdict convicting defendant of 17 counts of perjury in the third degree. At the trial of defendant, charged in a short form indictment with 17 counts of perjury in the second degree in violation of section 210.20 of the Penal Law, the prosecution put in evidence the transcript of defendant's testimony before the Grand Jury and a written statement, over objection, signed and allegedly sworn to by defendant before a notary public. The notary, also a practicing attorney, testified that, although defendant signed the statement and said it was the truth, she did not swear him in, that she did not tell defendant she was a notary public or that he was under oath, and that she did not ask him if he swore to the truth of that which he signed or was about to sign. She also related that the words " Sworn to before me this 23rd day of January, 1970, A. Linda Leventhal, Notary Public ", were added to the end of the writing after defendant signed the last page. Section 210.05 of the Penal Law states: " A person is guilty of perjury in the third degree when he swears falsely " and subdivision 5 of section 210.00 of said law provides: " ' Swear falsely '. A person ' swears falsely ' when he intentionally makes a false statement which he does not believe to be true (a) while giving testimony, or (b) under oath in a subscribed written instrument. A false swearing in a subscribed written instrument shall not be deemed complete until the instrument is delivered by its subscriber, or by someone acting in his behalf, to another person with intent that it be uttered or published as true." Section 210.20 reads in part: " Where a person has made two statements under oath which are inconsistent to the degree that one of them is necessarily false, where the circumstances are such that each statement, if false, is perjuriously so, and where each statement was made within the jurisdiction of this state and within the period of the statute of limitations for the crime charged, the inability of the people to establish specifically which of the two statements is the false one does not preclude a prosecution for perjury, and such prosecution may be conducted as follows:  *  *  *  2. The falsity of one or the other of the two statements may be established by proof or a showing of their irreconcilable inconsistency." As to each count, the bill of particulars states that defendant gave false testimony on a certain date before the Grand Jury or swore falsely in said written statement concerning a particular specified subject. To make a valid oath, for the falsity of which perjury will lie, there must be in some form, in the presence of an officer authorized to administer it, an unequivocal and present act, by which the affiant consciously takes upon himself the obligation of an oath, such form being essential to distinguish between an oath and a bare assertion and more being required than a mere intention unaccompanied by an unambiguous act. (*Bookman* v. *City of New York*, 200 N. Y. 53, 56; *O'Reilly* v. *People*, 86 N. Y. 154; 2 N. Y. Jur., Affidavit, Oath and Affirmation, § 4, pp. 170–171; see CPLR 2309, subd. [b]). The jurat is simply evidence of the fact that the oath was properly taken before a duly authorized officer, it being no part of the oath nor conclusive evidence of its due administration, and it may be attacked and shown to be false (*People ex rel. 5th Ave. & 37th St. Corp.* v. *Miller* [*Consol. Proceedings*], 261 App. Div. 550, 552, affd. 286 N. Y. 628). Here, however, there was proof that defendant, on another trial, admitted that he swore to the truth of the written statement before the notary public and, thus, there was created an issue

of fact which was properly presented to the jury and which was resolved by it against defendant (see *People* v. *Burt,* 51 App. Div. 106, affd. 170 N. Y. 561; Richardson, Evidence [9th ed.], § 295; Fisch, New York Evidence, § 803). Judgment affirmed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.