Richard C. Delin, J.
The defendant moves under CPL 210.20 to dismiss this indictment which accuses her of manslaughter in the first degree in violation of section 125.20 of the Penal Law. The defendant contends that she has immunity from prosecution pursuant to CPL 190.40.
The facts of this case are not complex. On April 24, 1977, a knife was thrust several times into the body of one Charles Gerald, occasioning a sudden loss of his blood, resulting, in turn, in his untimely demise. On the same date, the defendant was arrested by the police for this homicide. The police had obtained her spontaneous confession and statements by eyewitnesses that she fatally assaulted the deceased while he was combing his hair in the bathroom.
On April 28, 1977, during the Grand Jury proceeding on this matter, the defendant gave evidence consisting of sworn oral statements that were responsive to questions posed to her *510 by the District Attorney. As a result of her testimony on this matter, and the other evidence, the instant indictment was filed with the court.
CPL 190.40 (subd 2) states:
"A witness who gives evidence in a grand jury proceeding receives immunity unless:
"(a) He has effectively waived such immunity pursuant to section 190.45; or
"(b) Such evidence is not responsive to any inquiry and is gratuitously given or volunteered by the witness with knowledge that it is not responsive.
"(c) The evidence given by the witness consists only of books, papers, records * * * the production of which is required by a subpoena duces tecum”.
Accordingly, inasmuch as the defendant gave oral testimony concerning the criminal incident which is the subject matter of this indictment, she is cloaked with immunity from prosecution unless the District Attorney can satisfactorily establish the exceptions listed above.
It is patent from the foregoing that the exceptions listed under CPL 190.40 (subd 2, pars [b], [c]) do not apply.
The District Attorney contends that the defendant did not receive immunity because she waived same pursuant to CPL 190.45. He cites the following undisputed facts: the defendant signed a waiver of immunity outside the Grand Jury room and admitted to knowing its contents and to her signature before the jurors. But CPL 190.45 (subd 2) states unequivocally: "A waiver of immunity is not effective unless and until it is sworn to before the grand jury conducting the proceeding”. The waiver was subscribed, but it was never sworn to by the defendant. The defendant, never having waived her immunity pursuant to statute, received it, thus compelling this court to issue an order barring a prosecution of this indictment.
The People ask for permission to represent this matter to another Grand Jury. But this defendant received transactional immunity, which protects her from prosecution for any crime in connection with which she testified, even though, as in this case, there is sufficient evidence, wholly independent of her testimony or its fruits, for conviction. No lawful purpose would be served by a representment, for no ensuing indict *511 ment based on the facts of this case could survive a motion similar to the one made here.
Accordingly, the defendant’s motion to dismiss this indictment is granted in all respects, and the People’s cross motion to submit this case to another Grand Jury is denied.