OPINION OF THE COURT
John S. Lockman, J.
The defendant, by his attorney, applies to the court for an order dismissing the indictment upon the ground that he possesses immunity from prosecution. (CPL 210.20, subd 1, par [d].)
On July 14, 1977, the defendant, at his request, was permitted to testify before the Grand Jury which issued this indictment. Prior to testifying the defendant executed a waiver of immunity which he swore to before a notary. The defendant was then permitted to enter the Grand Jury room.
The defendant contends that he received immunity by virtue of his testifying before the Grand Jury because the People failed to comply with CPL 190.45 (subd 2) which provides: "A waiver of immunity is not effective unless and until it is sworn to before the grand jury conducting the proceeding in which the subscriber has been called as a witness.” (See, generally, People v Gerald, 91 Misc 2d 509.) The stenographic *183 record of the Grand Jury proceeding reflects the following question asked by the Assistant District Attorney and the following response given by the defendant after an oath had been administered by the Grand Jury:
"Q. By signing this statement, which is Grand Jury A, do you mean to indicate your desire and willingness to waive any and all immunity that you would otherwise receive with respect to the testimony you give here today?
"A. Yes, sir.”
The statute was thus complied with and the motion to dismiss is therefore denied.