OPINION OF THE COURT
Leslie Crocker Snyder, J.
The defendant is charged in this State with possession of over 20 pounds of heroin. It is alleged that she was storing the narcotics for a multistate drug ring presently being prosecuted by Federal authorities in Maryland.
*722 The defendant was indicted for the instant offense by a New York State Grand Jury in January 1986. A month after the defendant’s arrest and indictment in New York, she was subpoenaed by Federal authorities to appear as a witness before the United States District Court for the District of Maryland. The United States Attorney granted the defendant "use”[1] immunity, and the minutes as provided by defense counsel indicate that she was compelled to testify pursuant to 18 USC § 6001 et seq.
At issue in the instant case is whether or not this use immunity should become a broader grant of "transactional”[2] immunity in New York.
It is not disputed, and this court so orders, that as a result of the Maryland Federal court’s grant of use immunity, the defendant’s testimony before the Federal Grand Jury cannot be used against her in this case or in any other prosecution. (See, Murphy v Waterfront Commn., 378 US 52 [1964].) Furthermore, under Murphy, this court orders that no leads obtained from such Federal testimony may be used against the defendant.[3]
The defendant claims, however, that her Federal grant of use immunity automatically translates into the broader transactional immunity extant in New York. She claims that since New York’s CPL 50.10 defines immunity in this State to be transactional, she is thereby completely insulated from prosecution. This court does not agree with that contention.
As the Supreme Court held in Murphy, a grant of immunity in one jurisdiction is binding on other jurisdictions as well (supra, at p 77). The constitutionally required extent of a Federal grant of immunity was defined in Kastigar v United States (406 US 441 [1972]). There the Supreme Court stated that use immunity is sufficient in scope to compel the testi *723 mony of a witness who is asserting a valid US Constitution 5th Amendment claim. The broader transactional immunity is not required by the United States Constitution. Thus, where the prosecuting jurisdiction is different from the one in which the testimony is compelled, the defendant is entitled to no more than use immunity. (Standards for Exclusion in Immunity Cases After Kastigar and Zicarelli, 82 Yale LJ 171, 173 [1972].)
In the case at bar, all that is required is that the defendant be given use immunity, since that was all she had been promised by the Federal court. The defendant is not entitled to any greater degree of immunity than the Federal court has given her. (People v Phillips, 97 Misc 2d 665 [1979].) At no time has her testimony been compelled pursuant to a grant of transactional immunity.
The case of People v Stievater (77 Misc 2d 761, mod 41 AD2d 435, mod 34 NY2d 793 [1974]), which reached a different result, is not controlling here. In Stievater, the Federal court had specifically granted transactional immunity to the defendant. Stievater’s State indictment, therefore, had to be dismissed. Stievater does not address the effect of a Federal grant of use immunity.
The defendant’s argument that New York State’s Constitution only recognizes transactional immunity is not valid. New York courts have recognized use immunity as an alternative to the broader transactional immunity. (See, People v Ostrer, 506 F Supp 962 [US Dist Ct, SDNY 1980] [applying New York law]; People v Gonzalez, 120 Misc 2d 62 [1983].) Other States have also interpreted their Constitutions to encompass both use and transactional immunity. (See, e.g., Patchell v State, 147 Ariz 508, 711 P2d 647 [Ct App 1985].)
The defense also argues that New York gives the broader transactional immunity not as a matter of law but as a matter of policy. The State of New York has an interest in prosecuting offenses committed within its jurisdiction. And the Federal authorities must have the ability to conduct investigations and enforce the Federal statutes without having to consider the effect of each step on State prosecutions. Of paramount importance is the protection of a defendant’s right against self-incrimination. The granting of use immunity to prevent the State from using any testimony compelled by the Federal authorities sufficiently protects the defendant’s rights while recognizing the interest of the State in enforcing its own laws.
*724 A dismissal by this court of this indictment would clearly have a "chilling” effect on future investigations and inhibit the State of New York from enforcing its own laws. By prohibiting the People from using any of the defendant’s Federal testimony against her in the State proceeding, the defendant’s constitutional rights are fully safeguarded, while the interests of both the Federal and State authorities are served.
Therefore, the motion to dismiss this indictment for the above-stated reasons is denied. The prosecution is reminded, however, that the Federal court’s grant of use and derivative use immunity is recognized by this court. The People thus are forbidden from using the defendant’s Federal testimony in any way, or any "leads” or evidence obtained therefrom, during the forthcoming trial of this indictment.

. CPL 50.10 (1) defines an immunity grant as encompassing "any transaction, matter or thing concerning which [the witness] gave evidence therein”.

. 18 USC § 6002 limits a grant of immunity to prohibiting the immunized testimony from being "used against the witness in any criminal case”.

. Since the People’s indictment was handed down prior to the Federal Grand Jury’s subpoena, it could not have been based on any immunized statements given by the defendant. Also, pursuant to the Federal Rules of Criminal Procedure, rule 6 (e) (in 18 USC, Appendix), disclosure of any Federal Grand Jury proceeding is strictly forbidden without specific authority from a Federal court. The People have affirmed that they are unaware of the substance of defendant’s testimony. Hence, the defendant’s grant of use immunity has in no way been breached in this case.