OPINION OF THE COURT
Joseph J. Lombardo, J.
Defendant moves to vacate his judgment of conviction.
On March 23, 1987, defendant was convicted after a jury trial of the crimes of manslaughter in the first degree, assault in the second degree and criminal possession of a weapon in the second degree. On June 23, 1987, he moved to set aside *967 the verdict pursuant to CPL 330.30. On August 6, 1987, the court denied the motion and on August 7, 1987, the court sentenced defendant. Defendant filed a notice of appeal but the appeal has not been perfected. In preparation for the appeal, appellate counsel obtained a copy of defendant’s appearance at the Grand Jury.
By motion dated February 3, 1988, defendant moved to reargue this court’s denial of the CPL 330.30 motion and added, as an additional ground for vacatur of his conviction, that he received immunity from prosecution because of the failure to swear to his waiver of immunity at the Grand Jury. After reviewing the motion papers, the court sent a letter dated May 18, 1988 to each counsel in which counsel was requested to address two issues. The first was "Is the failure to make a motion prior to trial regarding immunity a waiver and thus improper to be raised in coram nobis?” The second question was whether what occurred before the Grand Jury constituted an actual swearing.
In a memorandum dated June 1, 1988, Assistant District Attorney Aaron F. Fishbein addressed the second question. With regard to the first question, the District Attorney stated "The People do not contend that defendant’s failure to make a motion prior to trial regarding this issue constitutes a waiver of this claim”. By affidavit dated June 6, 1988, defense attorney addressed both issues, as well as stating that the District Attorney was not arguing waiver (hereinafter called the waiver issue).
On June 10, 1988, this court denied the motion to reargue but ordered a hearing on the issue of what actually happened at the Grand Jury.
By letter dated July 8, 1988, Assistant District Attorney Andrew J. Frisch requested that this court consider the decision in People v Hodge (141 AD2d 843). That decision stated that defendant’s failure to make a pretrial motion as to the effectiveness of his waiver of immunity did not "preserve * * *.[the] issue for appellate review” (141 AD2d, at 844). The District Attorney argues that this case is precedent for the proposition that the failure to make a pretrial motion addressed to the effectiveness of defendant’s waiver of immunity constitutes a waiver of the claim. This argument was made in spite of the avowed statement in a memorandum of law by Assistant District Attorney Fishbein that the People would not raise the waiver issue.
*968 On July 14, 1988, the hearing ordered by this court commenced and was completed on July 25th. Based on the testimony at the hearing, the court makes the following findings of fact:
On February 18, 1986, defendant, exercising his statutory right to testify before the Grand Jury, appeared before the Grand Jury with his counsel. His attorney was permitted to be present during defendant’s entire testimony. At the commencement of the proceeding, defendant was not sworn. He was asked certain preliminary questions regarding his waiver of immunity. Defendant was asked whether the signature on the waiver was his, and he replied that it was. The Assistant District Attorney then requested, "Madam Forelady, please swear the witness as to his signature.” The foreperson then leaned over and handed the waiver of immunity to defendant and said, "Sir, is that your signature?” to which defendant responded "This is my signature.” The defendant then returned the waiver of immunity to the foreperson. The Assistant District Attorney then instructed the foreperson to "please date and sign the waiver in the appropriate spot.” The foreperson then signed the waiver of immunity. The waiver of immunity says "Sworn to before me this 18th day of Feb., 1986”.
At no time prior to defendant’s repetition of his statement that it was his signature was defendant asked to raise his right hand or asked "Do you solemnly swear” or any other words to that effect.
The court must determine whether the District Attorney is bound by the statement in a memorandum dated June 1, 1988, that the prosecutor does not contend that the failure to make a pretrial motion waives defendant’s claim of immunity or should the court accept the attempted revocation of that statement made in a different Assistant District Attorney’s letter dated July 8, 1988. In determining which course of action the court will take, the following principles have been considered by the court:
A) In general, "parties to litigation, even parties to a criminal prosecution, may adopt their own rules” (People v Lawrence, 64 NY2d 200, 206). In this case, the Assistant District Attorney has explicitly stated that he does not wish to raise the waiver issue. Certainly, the court should not ordinarily interfere with a prosecutor’s trial tactics. On the other hand, here a different prosecutor wishes to withdraw such trial tactics.
*969 B) The People may bind themselves by their failure to timely object to the imposition of a greater burden of proof than the law allows (People v Malagon, 50 NY2d 954; People v Bell, 48 NY2d 913). In this case, in the initial memorandum of law, the Assistant District Attorney did not raise the waiver issue and, in the second memorandum of law, stated that he did not wish to raise the waiver issue after the court explicitly asked him to do so.
C) Parties entering into a stipulation are bound by that stipulation until the court, on some equitable grounds, relieves the parties from their stipulation (Clason v Baldwin, 152 NY 204, 211; People v Aratico, 111 Misc 2d 1015). In this case, there was no stipulation of fact but a procedural default by the District Attorney as to a legal issue. In any event, the court has the authority on equitable grounds to relieve the District Attorney of his default.
D) Confessions of legal error are entitled to great weight, but are not binding on the court (Sibron v New York, 392 US 40, 48; People v Lewis, 26 NY2d 547, 550). Here, there was no concession to an error of law, but instead a tactical decision not to argue the waiver issue.
E) The People are generally given one opportunity to litigate a matter (People v Havelka, 45 NY2d 636). Once they have been given a full and fair opportunity to litigate, they may not raise new issues (People v Nieves, 67 NY2d 125). This rule has generally been used where a District Attorney seeks to raise a new issue on an appeal. The rationale behind the rule is that defendant did not have notice of the new issue and, thus, was not given a full and fair opportunity to litigate the new issue (People v Johnson, 64 NY2d 617, 619, n 2). In this case, the rationale seems inapplicable. Defendant has had two opportunities to address the waiver issue and, in fact, twice did so. First, he addressed the issue in response to this court’s request and, second, in his final memorandum of law.
F) The parties may withdraw the motion without court permission prior to the court rendering a decision (People v McGrath, 202 NY 445, 453). After a court renders a decision, a party may withdraw a motion only with court permission (People v Catten, 69 NY2d 547, 555). In this case, the court had rendered a preliminary decision (dated June 10, 1988) prior to the Assistant District Attorney’s letter (dated July 8, 1988). Although the court’s decision did not determine the merits of the motion, by ordering a hearing, the court, in *970 effect, decided the procedural matters. Implicit in the decision is that there is no procedural bar to conducting a hearing. Of course, the Assistant District Attorney’s tactical decision not to raise the waiver issue is not a motion.
G) The District Attorney has failed to offer a "good cause” or reason for their current change in trial tactics. The principles allegedly enunciated in Hodge (supra) were not particularly new (People v Howard, 12 NY2d 65). The application of those principles to a waiver of immunity claim was not unique (People v Phillips, 97 Misc 2d 665).
H) There is no prejudice to defendant. Defendant has had a full and fair opportunity to litigate the waiver issue and has twice addressed the issue.
I) Coram nobis is an emergency remedy for matters which do not appear on the record and matters which defendant was unaware of at the time of trial (People v Bennett, 30 NY2d 283, 287-288; People v Donovon, 107 AD2d 433). In this case, former defense counsel was present during the entire proceeding which forms the basis of this motion. Indeed, former defense counsel testified at the hearing as to the facts underlying this motion. Thus, defendant was aware of the factual basis for this motion well before his trial (see, People ex rel. Culhane v Sullivan, 139 AD2d 315, 317).
J) It is the public policy of this State that motions be made in a timely fashion. Our Legislature has declared that a motion to dismiss an indictment on the ground that a defendant has received immunity must be made within 45 days after arraignment (CPL 255.20 [1]; 255.10 [1] [a]; 210.20 [1] [d]).
K) The State of New York has an interest in the finality of convictions (People v Howard, 12 NY2d 65, supra). A defendant should not be permitted to sit idly by while he is being tried if he has immunity (People v Patterson, 39 NY2d 288, 295).
Although none of the principles above are dispositive of this issue, the court feels that the rules of coram nobis should not be avoided because an Assistant District Attorney originally thought it was in the People’s best interest not to raise a particular issue. This is particularly true where there is no prejudice to the defendant and defendant has been given two opportunities to address the issue. The court will therefore address the waiver issue.
CPL 440.10 (3), as relevant to this matter, reads as follows:
*971 "3. Notwithstanding the provisions of subdivision one, the court may deny a motion to vacate a judgment when:
"(a) Although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal. This paragraph does not apply to a motion based upon deprivation of the right to counsel at the trial or upon failure of the trial court to advise the defendant of such right * * *
"Although the court may deny the motion under any of the circumstances specified in this subdivision, in the interest of justice and for good cause shown it may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment.”
In this case, what actually occurred before the Grand Jury was not part of any record. Indeed, the minutes of the Grand Jury proceeding were contradicted by the written waiver of immunity. Thus, the court found that it was required to conduct a hearing. However, the facts supporting the immunity claim could have been, with due diligence, readily made to appear on the record. Defense counsel, who was present during the entire Grand Jury proceeding, could have made a motion to dismiss the indictment. No "good cause” is shown why former defense counsel failed to make such a motion.
Further, coram nobis or a motion pursuant to CPL 440.10 is not available where a motion could have been made preconviction but was not made (People v Howard, 12 NY2d 65, supra; People v Bennett, 30 NY2d 283, 287-288, supra; People v Donovon, 107 AD2d 433, 442, 444, supra).
There are, however, two exceptions to CPL 440.10 (3) (a) and the general principles regarding coram nobis. Where a fundamental constitutional right is involved, the court may entertain a coram nobis motion even though the claim could have been raised preconviction (People v McLucas, 15 NY2d 167; People v Moore, 129 AD2d 590). Also, coram nobis is available, in spite of the failure to make a preconviction motion, if the court never obtained subject matter jurisdiction *972 (People v Hall, 48 NY2d 927; People v Patterson, 39 NY2d 288, 295, supra).[1]
The claim in the instant case is that the waiver of immunity was ineffectually executed in that no oath was administered to the defendant (People v Gerald, 91 Misc 2d 509). The failure to administer the oath, it is claimed, caused defendant to receive transactional immunity (People v Higley, 70 NY2d 624; CPL 190.40). No claim is made that the People used defendant’s statement in any way.
The Federal Constitution only requires that a person testifying before a Grand Jury be given use immunity (Kastigar v United States, 406 US 441). The New York State Constitution also only requires that the defendant be given use immunity (People v Johnson, 133 Misc 2d 721, 723; see also, People v La Bello, 24 NY2d 598, 602, cert granted sub nom. Piccirillo v New York, 397 US 933, cert dismissed as improvidently granted 400 US 548). Thus, defendant’s claim is purely statutory and not of a fundamental constitutional right (People v Sobotker, 61 NY2d 44, 47). The first exception is therefore not applicable to defendant’s claim.
As regards the second exception, namely, subject matter jurisdiction, in People v Hodge (141 AD2d 843, 844, supra), the court stated: "The defendant contends that the indictment against him should have been dismissed because he did not effectively waive immunity when he testified before the Grand Jury (see, CPL 190.40 [2]; 190.45). We note that the defendant never made a motion to dismiss the indictment either before or at trial and therefore has not preserved this issue for appellate review.” (See also, People v Sapp, 142 AD2d 971.) Preservation and waiver, however, are two distinct concepts (People v Prescott, 66 NY2d 216, 219, n 1, citing People v Thomas, 53 NY2d 338). While not identical, the issue of subject matter jurisdiction is treated identically in both cases. If the court did not have subject matter jurisdiction over a matter of whether or not the issue was preserved, the appellate court must address that issue (People v Patterson, 39 NY2d 288, 295, supra).
The court has examined the record on appeal in the Hodge *973 case (supra). Initially, defendant Hodge submitted a brief which did not address the immunity claim. Before oral argument, Hodge received a copy of his Grand Jury testimony. At oral argument, Hodge requested and received permission to file a supplemental brief regarding his claim of immunity. The supplemental brief consisted of 16 pages: 4 of which set forth the facts underlying the claim of immunity; 6 regarding legal arguments on the immunity claim, and 6 pages arguing that in spite of the fact that the issue was not preserved, the immunity issue need not have been preserved because it involves subject matter jurisdiction. The Assistant District Attorney’s supplemental brief did not argue the preservation issue but merely addressed the merits of the claim. In spite of the fact that one half of defendant’s legal arguments related to the issue of subject matter jurisdiction and in spite of the fact that the Assistant District Attorney did not argue that defendant had not preserved his claim, the Appellate Division ruled that the issue was not preserved.[2]
The court can only conclude that it is the opinion of the Appellate Division, Second Department, in Hodge (supra) that claims of transactional immunity do not relate to subject matter jurisdiction.
Since neither the exception of fundamental constitutional rights nor subject matter jurisdiction apply to defendant’s claim, coram nobis or a motion pursuant to CPL 440.10 is inappropriate.
Nonetheless, because of the importance of the issue, the court feels compelled to address the merits of the claim.
CPL 190.45 (2) states that "[a] waiver of immunity is not effective unless and until it is sworn to before the grand jury”. Absent strict compliance with the statutory mandate, a waiver of immunity is ineffective and a defendant who testifies before the Grand Jury receives automatic immunity (People v Higley, 70 NY2d 624, supra; People v Chapman, 69 NY2d 497). It is strict compliance if a defendant swears that the signature on the waiver of immunity is his own (People v Hodge, 141 AD2d 843, supra; People v Rice, 93 Misc 2d 182). However, absent a swearing, the waiver is ineffective (People v Gerald, 91 Misc 2d 509, supra).
*974 Penal Law § 210.00 (2) defines "swear” as "to state under oath.” CPL 1.20 (38) says an oath "includes an affirmation and every other mode authorized by law of attesting to the truth of that which is stated.” (See also, Penal Law § 210.00 [1]; General Construction Law § 36.) CPLR 2309 (b) provides that "An oath or affirmation shall be administered in a form calculated to awaken the conscience and impress the mind of the person taking it in accordance with his religious or ethical beliefs.”
In order to constitute a valid oath, there must be in some form an unequivocal and. present act by which the affiant consciously takes upon himself the obligation of an oath (O’Reilly v People, 86 NY 154, 161; Bookman v City of New York, 200 NY 53, 56; People v Lennox, 94 Misc 2d 730, 734; People ex rel. Greene v Swasey, 122 Misc 388). Merely citing in a piece of paper that one has accepted upon one’s self an oath is insufficient to constitute a swearing (O’Reilly v People, 86 NY 154, 160-161, supra). A jurat containing the words "being duly sworn” is evidence of the fact that an oath was in fact properly administered (People v Grier, 42 AD2d 803). However, such jurat is neither part of the oath nor conclusive evidence of its due administration and may be attacked and shown to be false (People v Grier, supra). It is not necessary to raise one’s hand (United States v Troutman, 814 F2d 1428, 1443; State v Parker, 81 Idaho 51, 336 P2d 318; Plauche-Locke Sec. v Johnson, 187 So 2d 178, 181 [La]) or to be asked "to solemnly swear” or words to that effect to constitute an oath (Matter of Quintyne v Canary, 104 AD2d 473, 475; cf., Matter of Andolfi v Rohl, 83 AD2d 890).
In People v Lyon (82 AD2d 516), the defendant was not asked to swear to his signature on his waiver of immunity. He acknowledged that the signature was his. The court twice held that this "constituted sufficient compliance with CPL 190.45 (subd 2)” (at 529, and repeated at 530). Sufficient compliance is not the same as complete or strict compliance. It is more akin to substantial compliance. In People v Higley (70 NY2d 624, supra), the Court of Appeals rejected a substantial compliance criterion and required strict compliance. Therefore, People v Lyon (82 AD2d 516, supra) is overruled to the degree that it holds that substantial compliance is sufficient under CPL 190.45.
Many States have discussed the issue of what constitutes an oath under the Fourth Amendment to the US Constitution, which requires that a search warrant be supported by an *975 affidavit made under oath. The courts have held that appearing before a Magistrate, knowing that an oath is required, signing the affidavit, handing the affidavit to the Magistrate, and the Magistrate signing the warrant and believing it to be sworn, constitutes an oath within the meaning of the United States Constitution (Atwood v State, 146 Miss 662, 111 So 865; Farrow v State, 71 Okla Cr 397, 112 P2d 186; State v Howard, 184 Neb 274, 167 NW2d 80; State v Douglas, 71 Wash 2d 303, 428 P2d 535; Vaughn v State, 146 Tex Crim 586, 177 SW2d 59; State v Holladay, 120 SC 154, 112 SE 827).
In this case defendant appeared before the Grand Jury with counsel. He acknowledged that the . waiver of immunity was signed knowingly and voluntarily, and stated that the signature was his own. Thereafter, he heard the District Attorney request the foreperson to swear him in. Thus, he was aware of the fact that an oath was being required. The foreperson then handed him his waiver of immunity and asked him once again whether the signature was his, and he once again admitted that it was his own. The parties understood that what had occurred was an oath, and the foreperson signed the waiver saying "sworn to before me”. Defendant throughout the proceeding was represented by counsel who was physically present during the Grand Jury proceeding. At no time did counsel state that there had been no swearing.
From the totality of the circumstances the court concludes that since the incident occurred in front of the Grand Jury, the acts were performed before a person authorized to administer oaths, and defendant heard that he was to take an oath, what occurred did, in fact, awaken defendant’s conscience and impress his mind with the solemnity necessary to constitute an oath.
The motion to vacate the judgment of conviction is denied.

. The Assistant District Attorney’s claim that subject matter jurisdiction is limited to the sufficiency of the accusatory instrument is incorrect. The cases cited here and the cases cited in those cases clearly indicate that subject matter jurisdiction is not limited to the sufficiency of the accusatory instrument.

. In considering whether to permit the Assistant District Attorney to withdraw his waiver of the waiver issue, the court considered the fact that the Appellate Division found no preservation in spite of the fact that the Assistant District Attorney never argued preservation.